## NATIONAL DISCOUNT CORP. v. HOLZBAUGH et al.

### Civ. A. No. 12129.

United States District Court
E. D. Michigan, S. D.

Nov. 20, 1952.

R. William Rogers, Max L. Veech and Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., for plaintiff.

John W. Babcock, Detroit, Mich., for defendant.

THORNTON, District Judge.

Sometime prior to October 17, 1952, the above named defendant, Robert Althouse, through his attorney, was served with a notice that the plaintiff in this cause would take the deposition of the said Robert Althouse upon oral examination as an adverse party beginning Friday, October 17, 1952, at 10:00 o'clock in the forenoon of that day, and that on that date, and at the time and place specified in the notice, Robert Althouse appeared in compliance with the notice, and the taking of the deposition upon oral examination commenced and continued throughout the forenoon at that day, and part of the afternoon of the same day.

That while the afternoon session was in progress it came to the attention of counsel for Robert Althouse that the grand jury for this District had returned an indictment charging Althouse and others with certain criminal violations of the United States Code, whereupon counsel for Althouse objected to continuing the said deposition upon the ground that to continue answering questions relating to the subject matter of the issue framed by the pleadings of the within cause might tend to incriminate the said Robert Althouse as a defendant named in the indictment, and thereupon the taking of the deposition was suspended for the time necessary to make a motion for an order terminating the taking of said deposition, and a motion for that purpose was filed in behalf of Althouse.

Paragraph 8 of the bill of complaint filed in the within cause recites the following:

"By their own admission the defendants Fred Holzbaugh and Joseph J. Madison did, prior to October 1, 1950, and the corporate defendant Fred Holzbaugh Sales, Inc. through the agency of said Fred Holzbaugh, and the corporate defendant 20th Century Lincoln Mercury, Inc. through the agency of said Fred Holzbaugh, did conspire together and make, plan and enter into an unlawful scheme and conspiracy to defraud the plaintiff and did carry out such unlawful scheme and conspiracy. On information and belief, the plaintiff also alleges that the defendants Robert Althouse and John N. Lewis were parties to such conspiracy in that they did actively scheme, plan and conspire with the said defendants Fred Holzbaugh and Joseph J. Madison to defraud the plaintiff and did actively participate in carrying out such scheme. * * *"

The indictment in the criminal matter is in thirteen counts, twelve of which are substantive counts, the thirteenth being a conspiracy count. The twelve substantive counts charge the defendant, Althouse, and others, with devising and intending to devise a scheme and artifice to defraud the National Discount Corporation, while the conspiracy charges this defendant, Althouse, with others, with conspiring to use the mails in a scheme to defraud the National Discount Corporation.

At the time that the Notary Public was temporarily enjoined by this Court from proceeding further with the oral examination of defendant Althouse, the testimony taken up until that time had been transcribed, and at the argument on the motion counsel for the respective parties agreed that the Court should read the transcript.

To require the defendant, Althouse, to submit himself to the plaintiff for further oral examination in this civil action, wherein, in the opinion of this Court, the fabric of the fraud is identical with the fraud embraced by the allegations contained in the criminal proceeding now pending against him, at a time when he is awaiting trial on the indictment filed in the criminal matter, would be oppressive and, at least, an indirect invasion of his constitutional rights.

Justice requires that the defendant, Althouse, be protected from this type of oppression and this indirect invasion of his rights, and to afford him this protection,

It is hereby ordered that the taking of the deposition of the within defendant, Robert Althouse, be terminated until the further order of this Court.

A reading of the transcript of the testimony taken so far leads this Court to the further conclusion that the contents of this transcript should be impounded so, therefore,

It is the further order of this Court that Leonard J. Buckley, the Notary Public who conducted the oral examination of the defendant, Althouse, impound the contents of the said transcript until the further order of this Court.