PAUL HARRIGAN & SONS, Inc. v. ENTERPRISE ANIMAL OIL CO., Inc. et al.
Civ. No. 14374.

United States District Court
E. D. Pennsylvania.
June 15, 1953.

334

Gray, Anderson, Schaffer & Rome, Philadelphia, Pa., for plaintiff.

Harold B. Lipsius, Philadelphia, Pa., for Enterprise Animal Oil Co., Inc., Enterprise Tallow & Grease Co., William J. Smith.

Clark, Ladner, Fortenbaugh & Young, Joseph F. M. Baldi, II, Philadelphia, Pa., for Mutual Rendering Co., Harry R. Sage, Robert C. Sage.

George J. Ivins and David Bortin, Philadelphia, Pa., for Keystone Rendering Co., Inc., Adolf Klein.

Charles J. Biddle, Philadelphia, Pa., for Baugh & Sons Co.

Bernard G. Segal and Robert J. Callaghan, Philadelphia, Pa., for Wilson & Co., Inc.

Thomas B. K. Ringe, Philadelphia, Pa., for Van Iderstine Co.

Kendall B. DeBevoise, New York City, Alexander Brodsky, Philadelphia, Pa., for Francis X. Smith.

Thomas D. McBride, Philadelphia, Pa., for Edward D. Smith, Sr., Henry J. Smith, Robert E. Smith.

CLARY, District Judge.

A Grand Jury of this Court on September 17, 1952 returned an Indictment (No. 16891) against 17 defendants charging conspiracy to violate the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, in monopolizing the rendering business in the Philadelphia area. To these charges all seventeen defendants pleaded not guilty on December 4, 1952. The case is as yet untried.

Approximately five weeks after the return of the indictment, on October 24, 1952, plaintiff herein filed its Complaint, also under the Sherman Anti-Trust Act, charging a conspiracy among fifteen of the seventeen indicted defendants to monopolize the rendering business in this area with resultant damage to itself and claiming treble damages therefor. Plaintiff, under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C., on November 13, 1952, propounded 16 interrogatories to each of the fifteen defendants named in the complaint. These interrogatories seek information concerning certain activities of the defendants, with records thereof, touching upon acts of the defendants which it appears clear could constitute part of the proof of the criminal charges heretofore referred to. In addition thereto, plaintiff noticed the taking of oral depositions of four of the individuals indicted in the criminal action. Two of the defendants answered substantially all of the interrogatories; the remaining defendants objected to some or all of them, and the individual defendants each filed a motion for a protective order under Rule 30(b) to stay the taking of their depositions.

The principal ground of objection to the interrogatories is that if the defendants are compelled to answer they will thereby be compelled to testify against themselves in violation of their privilege under the Fifth Amendment to the Constitution of the United States. As to the corporate defendants, a twofold problem is presented. First, the information sought is within the knowledge of officers who have been indicted individually and, secondly, all those officers who are authorized to answer interrogatories have also been indicted individually. The officers contend that to compel answers from the corporate defendants under these circumstances would be to compel the officers to incriminate themselves individually. Several individual defendants, while filing what are entitled "Answers to Interroga-

tories", have, in effect, given no information but by their answers have invoked the protection of the Fifth Amendment.

After full consideration of the charges contained in the indictment above referred to, the contents of the complaint filed in this action, the objections to the interrogatories, the nature and extent of the transactions, and the alleged involvement of the several defendants as charged in both the indictment and the complaint, I am of the opinion that the information sought to be elicited by the plaintiff in these interrogatories may well provide proof to the Government from which it may establish the criminal charges against the indicted defendants. To compel discovery under such circumstances would contravene rights guaranteed by the Fifth Amendment to the individual defendants. The objections to the interrogatories are, therefore, well founded and will be sustained. The answers to the interrogatories invoking the protection of the Fifth Amendment are adequate and proper for the same reason. The motions of the several individual defendants for a protective order are properly taken and the prayers of the several petitions will be allowed.

Rule 33 of the Rules of Civil Procedure expressly incorporates the provisions of Rule 30(b) for the protection of persons from whom answers to interrogatories are sought under that rule, Rule 30(b) by express provision authorizes the court to make any order which justice requires to protect a party or witness from annoyance, embarrassment or oppression. Under the peculiar circumstances of this case, it appears to the Court that the interests of justice require the application of the principle enunciated in Rule 30(b) and discovery, insofar as it relates to the indicted defendants, will be postponed until the termination of the criminal action. While this will, undoubtedly, cause inconvenience and delay to the plaintiff, protection of the defendants' constitutional rights is the more important consideration.

An appropriate order will be entered.

## STATEMENT OF THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, MADE TO THE SUB-COMMITTEE OF THE COMMITTEE OF THE HOUSE OF REPRESENTATIVES TO INVESTIGATE THE DEPARTMENT OF JUSTICE OF THE UNITED STATES, ON JUNE 1, 1953.

On May 30, 1953, the Sub-Committee of the Committee of the House of Representatives, to investigate the Department of Justice of the United States, issued and caused to be served upon United States District Judge Louis E. Goodman, a summons directing him to appear before said Sub-Committee, at a hearing in San Francisco on June 1, 1953.

On June 1, 1953, Judge Goodman appeared before the Sub-Committee and read and caused to be filed in the records of the Committee the following two statements:

"June 1, 1953

"To the Chairman and Members of the Sub-Committee of the House Committee to Investigate the
Department of Justice
San Francisco, Calif.

"Sirs:

"You have summoned a Judge of the United States District Court for the Northern District of California to appear before your Committee to testify at your current hearings. The Judges, signing below, being all the Judges of the Court, are deeply conscious, as must be your committee, of the Constitutional Separation of functions among the Executive, Legislative, and Judicial branches of the Federal Government. This separation of functions is founded on the historic concept that no one of these branches may dominate or unlawfully interfere with the others.

"In recognition of the fundamental soundness of this principle, we are unwilling that a Judge of this Court appear before your Committee and testify with respect to any Judicial proceedings.

"The Constitution does not contemplate that such matters be reviewed by the Legislative Branch, but only by the appropriate appellate tribunals. The integrity of the Federal Courts, upon which liberty and life depend, requires that such Courts be maintained inviolate against the changing moods of public opinion.

"We are certain that you, as legislators, have always appreciated and recognized this, as we know of no instance, in our history where a committee such as yours, has summoned a member of the Federal Judiciary.

"However, in deference to the publicly avowed earnestness of the Committee, we do not object to Judge Goodman appearing before you to make any statement or to answer any proper inquiries on matters other than Judicial proceedings.

> Michael J. Roche, Chief Judge
> Louis E. Goodman
>   United States District Judge
> George B. Harris
>   United States District Judge
> Dal M. Lemmon
>   United States District Judge
> Oliver J. Carter
>   United States District Judge
> Edward P. Murphy
>   United States District Judge
> Monroe M. Friedman
>   United States District Judge."
>                    "June 1, 1953.

"To the Chairman and Members of the Sub-Committee of the House Committee to Investigate the Department of Justice.

San Francisco, Calif.

"Sirs:

"Reports of the proceedings of your committee appear to indicate that you believe there is divergence of view among the Judges of the United States District Court for the Northern District of California as to whether matters occurring before Grand Juries in this District may be disclosed to your committee.

"The undersigned, being all the Judges of this District, call to your attention Rule 6(E) of the Rules of Criminal Procedure of the United States District Courts, which provides * * * 'a juror, attorney, interpreter, or stenographer may disclose matters occurring before the Grand Jury only when so *directed* by the court *preliminary to or in connection* with a judicial proceeding.' * * *

"This is to advise you that neither the Court nor any Judge thereof has directed or authorized the disclosure of any matters occurring before any Grand Jury in this District.

> Michael J. Roche, Chief Judge
> Louis E. Goodman
>   United States District Judge
> George B. Harris
>   United States District Judge
> Dal M. Lemmon
>   United States District Judge
> Oliver J. Carter
>   United States District Judge
> Edward P. Murphy
>   United States District Judge
> Monroe M. Friedman
>   United States District Judge."