**Herbert PERRY, Plaintiff,**

**v.**

**John McGUIRE, Edmond C. Blumner and Harold Wolfe, Defendants.**

United States District Court
S. D. New York.
June 29, 1964.

Stanley Kligfeld, New York City, for plaintiff.

David L. Tecklin, New York City, for defendant Blumner.

TENNEY, District Judge.

Plaintiff moves herein, pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rule 3118 of the New York Civil Practice Law and Rules (1963), for an order directing the examination of defendant Blumner before trial at Room 601, which is the office of the Clerk of this Court; for an order directing defendant Blumner to file and serve upon plaintiff's attorney a verified statement of said Blumner's post office address and residence; and for an order directing that the examination before trial of plaintiff be also held at Room 601. Plaintiff further moves, pursuant to Rule 37, for an order striking the answer of defendant Blumner and directing judgment against said defendant for failure to answer interrogatories as provided by Rule 33.

Defendant Blumner, in turn, moves herein, pursuant to Rule 30(b) for an order directing that said interrogatories be suppressed, or, in the alternative, that said defendant be relieved of answering the said interrogatories until the termination of certain criminal proceedings now pending.

Defendant Blumner alleges that he is a codefendant with plaintiff in an indictment filed in this District (63 Cr. 668). John A. McGuire, also named as defendant in the within action, is named as a defendant in the criminal proceeding as well.

The indictment in the criminal proceeding charges a conspiracy to violate Sections 77e(a), 77q(a), 77x of Title 15, United States Code, and to defraud the United States by impeding the lawful governmental function of the Securities and Exchange Commission through the sale of certain securities without filing a registration statement. Some seven (7) substantive counts are also set forth relative to the sale of said securities without registration. In addition, there are four (4) additional substantive counts filed against the defendant Perry alone (plaintiff in the within action).

The complaint in the within action alleges a conspiracy to defraud plaintiff Perry, and sets forth in substance the charges contained in the criminal indictment. It further alleges false, fraudulent and misleading representations and concealment, all of which have caused plaintiff Perry to be indicted, to have suffered mental anxiety, nervous strain and damage to his reputation and character, and to have been subjected to legal expenses in his defense.

■ Assuming that the complaint sets forth a valid cause of action in fraud and deceit, Habeeb v. Daas, 111 Misc. 437, 181 N.Y.S. 392 (S.Ct.1920), aff'd without opinion, 196 App.Div. 974, 188 N.Y.S. 925 (2d Dep't 1921), it seems clear that to require defendant Blumner to respond to over 100 interrogatories at this time would be oppressive and would infringe on his constitutional rights. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); United States v. Maine Lobstermen's Ass'n, 22 F.R.D. 199 (D.Me.1958); United States v. Linen Supply Institute, 18 F.R.D. 452 (S.D.N.Y. 1955); Paul Harrigan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D. Pa.1953); National Discount Corp. v. Holzbaugh, 13 F.R.D. 236 (E.D.Mich. 1952); United States v. Bridges, 86 F. Supp. 931 (N.D.Calif.1949); Annot., 70 A.L.R.2d 685 (1960).

The same must necessarily be true as to the noticed examinations of defendant Blumner and plaintiff Perry.

■ Rule 3118 of the New York Civil Practice Law and Rules is not made applicable to this proceeding by Rule 64 of the Federal Rules of Civil Procedure.*

---

* Rule 64 deals with the provisional remedies of seizure of person or property. It would appear that plaintiff is relying on that part of Rule 64 which refers to remedies "provided by the law of the state in which the district court is held . . . .."

However, no valid reason exists for Blumner's failure to file and serve upon plaintiff's attorney a verified statement of Blumner's post office address and residence.

Accordingly, plaintiff's motion for an order directing that his and defendant's examination before trial be held at Room 601 is granted, but the taking of said depositions is stayed pending the determination of the criminal proceedings.

Plaintiff's motion for an order striking defendant Blumner's answer is denied and defendant Blumner's motion for an order relieving him of answering the said interrogatories until the determination of the criminal proceedings is granted.

Plaintiff's motion for an order directing Blumner to serve and file a verified statement of his post office address and residence is granted, the verified statement to be served on plaintiff's attorney and filed within twenty (20) days of the entry of the orders to be entered herein.

Settle orders on notice.