NEDERLANDSE ERTS–TANKERS-
MAATSCHAPPIJ, N.V., Plain-
tiff-Appellant,

v.

ISBRANDTSEN COMPANY, Inc. and
Jakob Isbrandtsen, Defendants-
Appellees.

No. 362, Docket 29809.

United States Court of Appeals
Second Circuit.

Argued May 23, 1966.

Decided June 9, 1966.

Clement C. Rinehart, New York City
(Edward J. Heine, Jr., Edward L. Smith
and Kirlin, Campbell & Keating, New
York City, on the brief), for appellant.

Leonard S. Leaman, New York City,
(Lord, Day & Lord, New York City, on
the brief), for appellee, Isbrandtsen Co.
Inc.

Joseph Lotterman, New York City
(Lotterman & Weiser, New York City,
on the brief), for appellee, Jakob Is-
brandtsen.

Before FRIENDLY, HAYS and
FEINBERG, Circuit Judges.

PER CURIAM:

This action arises out of two alleged
contracts of guaranty, entered into by
one or both defendants-appellees, Is-
brandtsen Company, Inc. and Jakob Is-
brandtsen, for the performance of a char-
ter party between plaintiff-appellant,
Nederlandse Erts-Tankersmaatschappij,
N.V., and a third party, Canadian For-

eign Steamship Company, Ltd. ("Canforship").

This case was previously before us, and after holding that the grant of a stay could not be justified under Section 3 of the United States Arbitration Act, 9 U.S.C. § 3, because defendants were not parties to the arbitration agreement, we remanded the case to the district court to determine whether a stay should be granted pursuant to the "inherent power" of the court to issue such an order. See Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440 (2d Cir. 1964). The district court from time to time granted defendants' motions for temporary stays during the arbitration in London of the controversy between plaintiff and Canforship. Two of the orders granting such temporary stays are now before us on appeal.

▉ If a stay had been denied, many of the issues now pending in the London arbitration might have had to be litigated here. The district court properly wished to avoid "futile activity." There was no abuse of discretion in the decision to grant a stay.

Of the two orders appealed from, one expired on December 15, 1965, and the other expires June 30, 1966. Thus, the district court will soon have to consider whether to grant a further stay.

Plaintiff fears that "it will lose evidence by lapse of time," and that there exists a "serious risk that plaintiff may lose its vessels by foreclosure of mortgage during the long prospective delay."

▉▉ We have previously set forth standards which should guide the district court in evaluating a new application for a stay.[1] The burden of justifying a stay is on defendants; all of the relevant factors should be reassessed in light of plaintiff's claims of hardship and

delay. The defendants should, if possible, be pressed to proceed promptly with this apparently interminable arbitration. If a further stay is granted, plaintiffs should at least be permitted to proceed with discovery on the issues which are not involved in the arbitration, to wit, the existence, validity and scope of the guaranties.

Affirmed.

---

[1] "The defendants have the burden of establishing that a stay is warranted. Without attempting to list all relevant factors, we point out that the defendants should demonstrate to the satisfaction of the court that they have not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship." Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., supra at 442.