■ In the Matter of LOCAL 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Respondent, v. SALVATORE GIRESI, Doing Business as BONANZA DRYWALL CO., Appellant.— Judgment of the Supreme Court, Rockland County, dated February 17, 1967, which confirmed an arbitration award, affirmed, with costs. Under all the circumstances herein, where it appeared that appellant had obtained several adjournments and had delayed the completion of the proceedings some 16 months, we find no abuse of discretion in the arbitrator's refusal to grant one more adjournment (*Matter of Kool Air Systems* [*Syosset Institutional Bldrs.*], 22 A D 2d

672). Failure to adjourn the arbitration proceeding is not "misconduct" within CPLR 7511 where the party who claims that it is (here the appellant) is under indictment with respect to the same subject matter as is involved in the proceeding (*Langemyr* v. *Campbell*, 27 A D 2d 942; see, *United States* v. *Simon*, 373 F. 2d 649, cert. granted 386 U. S. 1030; *United States* v. *American Radiator & Std. Sanitary Corp.*, 388 F. 2d 201, cert. den. 390 U. S. 922). Had appellant seen fit to appear at the arbitration hearing he could have asserted his privilege against self incrimination (*Matter of Local Union No. 964* [*Langemyr*], 25 A D 2d 534; *Matter of Hirshfield* v. *Hanley*, 228 N. Y. 346; *Matter of Groban*, 352 U. S. 330; 1 N. Y. Jur., Administrative Law, § 98, pp. 439–441). In our opinion, appellant's other contention, that the award should be vacated on the ground that prior to confirmation it was delivered by ordinary mail (cf. CPLR 7507), does not present a justiciable basis for vacatur where, as here, actual delivery occurred. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.