**GULF OIL CORPORATION**

v.

**The TUG KATE MALLOY and her owner Levingston Shipbuilding Company and the A B C Insurance Companies.**

Civ. A. No. 67–1885.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 30, 1968.

Francis Emmett, Edward Bagley, New Orleans, La., for plaintiff.

Joaquin Campoy, George B. Matthews, Patrick L. Burke, New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

This matter is before the Court on a motion to compel Ervin Lee Gosney to answer questions propounded on oral deposition. Mr. Gosney, the pilot and relief master of the M/V Kate Malloy was on duty at the helm of the vessel when her tow consisting of two loaded steel barges collided with the S/T Gulf Supreme in the Mississippi River December 25, 1967.

The libelant's attorneys served notice that they would take the deposition of Mr. Gosney on January 2, 1968. Several preliminary objections to this deposition were raised by Mr. Gosney's attorney in a motion to quash the subpoena issued for the taking of the depositions. The Court denied the motion to quash the subpoena and ordered the deposition to be taken.

Shortly after the collision the United States Coast Guard initiated an investigation into the incident to determine whether or not anyone had violated the law. As one designated a "party in interest" Mr. Gosney consulted counsel prior to his appearance at the hearing and was apprised of the provisions of Title 46 U.S.C.A. Sec. 526*l*:

"(a) No person shall operate any motorboat or any vessel in a reckless or negligent manner so as to endanger the life, limb or property of any person. To 'operate' means to navigate or otherwise use a motorboat or a vessel."

and Sec. 526m:

"Any person who shall operate any motorboat or any vessel in a reckless or negligent manner so as to endanger the life, limb or property of any person shall be deemed guilty of a misdemeanor and on conviction thereof by any court of competent jurisdiction shall be punished by a fine not exceeding $2000, or by imprisonment for a term of not exceeding one year, or by both such fine and imprisonment, at the discretion of the court."

Relying upon counsel's advice, Mr. Gosney declined to answer all questions posed to him by the Coast Guard investigating officer which he contended might incriminate him or expose him to penal liability. The United States Coast Guard subsequently filed in this Court a rule to show cause why Mr. Gosney should not be required to answer the Coast Guard's questions. This rule to show cause was voluntarily dismissed by the Coast Guard on January 2, 1968, the same day that libelant, Gulf Oil Corporation sought to depose Mr. Gosney.

At the deposition on January 2, 1968 Mr. Gosney declined to answer all material questions bearing on the cause of the collision as well as certain questions concerning his personal background. In refusing to answer these questions Mr. Gosney relied on his Fifth Amendment privilege against self-incrimination.

The privilege against self-incrimination is not dependent upon the nature of the proceeding in which the testimony is sought. It is applicable wherever the answer might tend to subject one to criminal responsibility and applies in both civil and criminal proceedings. Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co., 219 F. Supp. 181 (S.D.N.Y.1963); McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924).

While Mr. Gosney has not been charged with having violated the law the

Court must take cognizance of the Coast Guard investigation into the incident and his appearance before that body. Compelling Mr. Gosney to answer all of the questions set forth in the deposition of January 2, 1968 would narrow the scope of investigation necessary to establish criminal charges against him. Under these circumstances compelling him to give such information would clearly contravene the right against self-incrimination as secured by the Fifth Amendment of the Constitution. Harringan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D.Pa.1953); Perry v. McGuire, 36 F.R.D. 272 (S.D. N.Y.1964).

■ Libelant alleges that those questions relating to Mr. Gosney's background are not subject to the privilege against self-incrimination. The test of whether or not a question is subject to the privilege is that, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). This immunity from self-incrimination extends not only to answers which would in themselves support a conviction under a criminal statute but also to those answers which would furnish a link in the chain of evidence necessary to prosecute one under a criminal statute. Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170 (1950). Hoffman v. United States, supra.

■ A disclosure of certain background information, e. g. education, work experience, habits, etc. could under these circumstances be self-incriminating. The lack of education, work experience or the possible presence of a habit such as the excessive use of intoxicating beverages might constitute negligence per se in assuming the control or operation of a vessel or constitute an important link to such evidence.

■ The determination of whether or not there is justification for one's silence based upon the possibility that such question may be self-incriminating rests with the court. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L. Ed. 344, 19 A.L.R.2d 378 (1951). In the present circumstances the questions which remain unanswered due to Mr. Gosney's having invoked his privilege against self-incrimination do meet the test set forth in Hoffman v. United States, supra, and Blau v. United States, supra.

Counsel on both sides have cited excerpts from United States v. Simon, 373 F.2d 649 (C.C.A.2nd Cir.1967). This case supports our present decision. The court in the Simon case ruled that an injunction issued by a court in which a criminal indictment was pending, restraining the taking of defendants' depositions in a companion civil action was improper. The court stated that under the circumstances there present the public interest in the progress of the civil suit clearly outweighed the defendants' interest in withholding their testimony until after the criminal trial "without invoking their privileges against self-incrimination." The privilege was not invoked at the depositions but instead the defendants sought to avoid the entire depositions. The court ruled that this was not proper. The privilege must be pleaded. The present case is distinguishable in that Mr. Gosney appeared at the scheduled deposition and subjected himself to interrogation. When placed in jeopardy he pleaded the privilege under the Fifth Amendment thus avoiding self-incrimination.

The means suggested by libelant to protect the witness by sealing the deposition cannot substitute for the protection afforded by the Fifth Amendment.

The motion of plaintiff to compel answers is accordingly denied.