In re **PENN CENTRAL SECURITIES LITIGATION.**

**Richard S. ROBINSON et al.**

v.

**PENN CENTRAL COMPANY et al.**

**M.D.L. Docket No. 56.**

**Civ. A. No. 70–2010.**

United States District Court,
E. D. Pennsylvania.

Aug. 24, 1972.

See also, D.C. 347 F.Supp. 1327.

David Berger, Leonard Barrack, Gerald J. Rodos, Philadelphia, Pa., for plaintiff.

Seymour I. Toll, Philadelphia, Pa., Reavis & McGrath, New York City, for movant-defendant Hodge.

## MEMORANDUM AND ORDER SUR MOTION OF DEFENDANT CHARLES J. HODGE FOR A PROTECTIVE ORDER

JOSEPH S. LORD, III, Chief Judge.

Defendant Charles J. Hodge has moved pursuant to F.R.Civ.P. 26(c) for a protective order staying and continuing the taking of his deposition until the termination of the criminal case now pending against him in the Municipal Court of the Commonwealth of Pennsylvania, Philadelphia County (Commonwealth v. Hodge, M.C. 72–01–383). Hodge claims that the taking of his deposition at this time would violate his Fifth Amendment right against self-incrimination.

Hodge was a financial advisor to Penn Central and a director and advisor to certain of the Penn Central subsidiaries. The civil complaint against Hodge for breaches of fiduciary duties, mismanagement and fraud and the charges in the criminal action of conspiracy to cheat and defraud and fraudulent conversion of Penn Central funds are based on Hodge's activities in and relationship with the Penn Central complex.

A court in its discretion may issue orders for the protection of parties in the taking of depositions. Several courts, when faced with a request similar to the one before us, have chosen to stay discovery of defendants pending the disposition of the criminal cases against them in order to protect defendants' right against self-incrimination. Dienstag v. Bronsen, 49 F.R.D. 327 (S.D.N.Y.1970); Perry v. McGuire, 36 F.R.D. 272 (S.D.N.Y.1964); Paul Harrigan & Sons v. Enterprise Animal Oil Co., Inc., 14 F.R.D. 333 (E.D.Pa.1953); National Discount Corp. v. Holzbaugh, 13 F.R.D. 236 (E.D.Mich.1952).

It is well settled that the privilege against self-incrimination applies in civil cases and pretrial proceedings. McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924). It is also well settled that "[t]he privilege against self-incrimination may not be asserted in advance of questions actually propounded." United States v. Harmon, 339 F.2d 354, 359 (C.A.6, 1964).

"The privilege * * * is merely an option of refusal, not a prohibition of inquiry." 8 Wigmore, Evidence § 2268 at 402 (McNaughton rev. 1961).

The privilege against self-incrimination in itself does not compel a court to order a stay of the deposition of a defendant in a pending criminal action. In determining whether to exercise its discretion to issue such an order, the court must balance the defendant's rights with the interests of the plaintiff in full discovery and speedy disposition of the civil action.

We have concluded that Hodge's motion for a protective order should be denied as premature. Plaintiffs maintain that matters unrelated to the criminal charges against Hodge will be the subject of the deposition. Furthermore, our denial of Hodge's request for a stay of discovery does not deprive him of his privilege against self-incrimination. Hodge may assert the privilege as the basis for his refusal to answer any and every question propounded to him during the deposition the answer to which he believes may tend to incriminate him.

We believe that the proper course to protect the rights and interests of all parties and to advance the progress of this litigation is to permit the deposition to go forward. Hodge may invoke his Fifth Amendment privilege to specific questions asked by the plaintiffs, and the court will rule on any disputed matters arising out of the assertion of the privilege. If it should become apparent, once the deposition has begun, that all questions seek information which is properly protected by Hodge's invocation of his Fifth Amendment rights, Hodge may renew his motion for a protective order.

The majority of courts which have ordered a stay of discovery in similar situations have done so after discovery had commenced and the court could review the matters actually sought in discovery in light of the complaints in the civil and criminal actions. *See* Perry v. McGuire, *supra;* Paul Harrigan & Sons v. Enterprise Animal Oil Co., Inc., *supra;* National Discount Corp. v. Holzbaugh, *supra.* We are unable to make a similar evaluation on the basis of the information now before us. Until such information can be presented to the court, defendant's motion for a protective order is denied.