Joyce MITCHELL, Plaintiff,

v.

ZENON CONSTRUCTION CO. and Rafael Torres, Defendants/Third Party Plaintiffs,

v.

CURT OGDEN EQUIPMENT CO., INC., Third Party Defendant.

Civ. No. 1990–164.

District Court, Virgin Islands, Division of Saint Croix.

Jan. 16, 1992.

Britain H. Bryant, Bryant, White & Associates, Christiansted, St. Croix, VI, for plaintiff Joyce Mitchell.

John R. Coon, Law Offices of John R. Coon, Gallows Bay, VI, for defendant/third-party plaintiff Zenon Const. Co.

John Zebedee, Charlotte Amalie, St. Thomas, VI, for defendant/third-party plaintiff Rafael Torres.

Miguel Camacho, Christiansted, St. Croix, VI, for third-party defendant Curt Ogden Equipment, Co.

Richard Daley, Christiansted, St. Croix, VI, for third-party defendant Mico, Inc.

Vincent Colianni, Hunter, Colianni, Cole & Turner, Christiansted, St. Croix, VI, for third-party defendant W.H. Pingree Co.

## ORDER

RESNICK, United States Magistrate Judge.

DEFENDANT Rafael Torres has filed a Motion for Protective Order, pursuant to Fed.R.Civ.P. 26(c) seeking to invoke his Fifth Amendment guarantee against self-incrimination regarding all discovery regarding his employment with defendant Zenon. The motion was filed on August 28, 1991, and sought relief from appearing at a deposition scheduled for September 3, 1991. Although the defendant had previously admitted to working with Zenon, he now claims that there exists a real possibility that further testimony regarding his employment will subject him to criminal prosecution by the Workmen's Compensation and Social Security agencies. In an Order entered on September 3, 1991, this court granted defendant's motion for protective order after the parties orally agreed that questions concerning defendant's employment would be general and directed to the necessary operative facts concerning the vehicle in question and the subject accident. The deposition was rescheduled for September 19, 1991 and Torres appeared and testified.

On September 16, 1991, defendant Torres submitted his responses to plaintiff's interrogatories and request for admissions by asserting his Fifth Amendment privilege to most of the questions. Plaintiff objected to the assertion of the privilege and on September 18, 1991 filed a motion to compel defendant to respond to plaintiff's first set of interrogatories and request for admissions dated August 14, 1991 and July 31, 1991, respectively.

In her objection to defendant's assertion plaintiff claims, first, that defendant Torres waived his right to invoke the Fifth Amendment. Secondly, plaintiff asks the court to deny defendant's motion to permanently seal all discovery relating to his employment. This court must now decide (1) whether defendant Torres has waived his right to assert the Fifth Amendment privilege regarding the requested discovery by virtue of his prior admissions and, (2) whether the court should grant Torres' request to seal all discovery regarding his employment with Zenon.

██ It is well-settled that the Fifth Amendment privilege against self-incrimination applies both to civil and criminal matters. *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). The protection applies where the individual demonstrates that there is a *possibility* that he will be criminally prosecuted based on his testimony. *Carter–Wallace, Inc. v. Hartz Mountain Industries*, 553 F.Supp. 45 (S.D.N.Y.1982). Courts have held that a waiver of the Fifth Amendment privilege "should be inferred only in the most compelling of circumstances." *Klein v. Harris*, 667 F.2d 274, 288 (2d Cir.1981). However, a party who has already testified to incriminating facts cannot refuse to answer further questions which would not subject him to further incrimination. *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951).

██ In response to interrogatories propounded by the plaintiff, defendant admitted to working with Zenon at the time of the incident. In addition, defendant also admitted to such employment in deposition. He also testified about the type of training he received in that regard. Plaintiff counters that since the defendant has already admitted to these basic incriminating facts, defendant cannot now refuse to supply the details since further testimony will reveal no "new crimes" and thus, will not "further incriminate" him. The court agrees. Defendant's fear of an increased likelihood of prosecution by the Workmen's Compensation and Social Security agencies based upon further detail, is attenuated. In any event, if defendant Torres was to be subjected to prosecution the information concerning his employment could be readily obtained in several different ways, including subpoena of Zenon's payroll records. Since defendant has already admitted to the employment which would form the basis of the possible prosecution, testimony as to the details surrounding the incident in this case would involve no "new crime" sub-

jecting him to *further* incrimination. See *United States v. Yurasovich,* 580 F.2d 1212 (3rd Cir.1978).

 This court notes the fundamental nature of the privilege against self-incrimination. An individual will not be found to have waived this important privilege except in the most compelling of circumstances. *Klein,* at 287. However, the *Klein* court held that a defendant who had voluntarily made initial incriminating statements under oath had created a "significant likelihood that the finder of fact would be left ... with a distorted view of the facts" and would not be allowed to assert his fifth amendment privilege as to the details of his prior incriminating disclosures. *Id.* at 287–288.

Here the court finds that defendant voluntarily disclosed the incriminating facts about his employment in interrogatories and in deposition. Further, defendant Zenon admitted his employment in its Answer. An officer at the scene of the accident issued a ticket to the defendant as the operator of the vehicle which impacted with plaintiff's car. The record reveals that defendant possesses singular, crucial information about details of the incident in question. Unless he supplies the factual details of the incident, the plaintiff's case will be eviscerated and made much more difficult to prove to the jury.

Further, in determining whether to allow defendant to assert this privilege, the court is required to "balance the defendant's rights against the interests of the plaintiff in full discovery and speedy disposition of the civil action." *In re Penn Central Securities Litigation,* 347 F.Supp. 1347, 1348 (E.D.Pa.1972). Although the defendant asserts a valuable right, the court finds his fear of prosecution unsupported by the facts. Indeed, this assertion appears to be the latest effort by the defendant to withhold important information in plaintiff's case. On the other hand, the injured plaintiff's right to full discovery of the facts and circumstances giving rise to her injury far outweigh the defendant's objections in this matter.

Accordingly, the court finds that any further statements by the defendant will reveal no "new crimes" leading to further incrimination. Since defendant voluntarily admitted to his employment with Zenon, refusal to supply the details of the incident which gave rise to this action will only serve to frustrate full discovery and impede the speedy disposition of this case.

The premises considered, it is hereby

ORDERED that defendant Torres' Motion for Protective Order is DENIED except as to the following, which defendant Torres need not respond to:

(a) Request for Admissions, Nos. 23, 24, 27, 29, 30, 31;

(b) Interrogatories Nos. 17 and 18. It is also

ORDERED that Response to Interrogatory No. 13 should be limited to matters concerning details of the incident; it is

ORDERED that defendant Torres' request to seal all discovery regarding his employment with Zenon Construction Co. is DENIED; however, an Order of confidentiality and prohibition of further disclosure or dissemination is imposed on all parties and counsel pending further ruling of the District Court Judge on any motion to exclude such matters at trial; and it is further

ORDERED that defendant Torres shall respond to all outstanding discovery as above within thirty (30) days of this Order.