PAINE, WEBBER, JACKSON & CURTIS INCORPORATED, Plaintiff,

v.

MALON S. ANDRUS, INC., Malon S. Andrus, Helen S. Andrus, John J. Von Barta III, Piwacket Corp., William H. Harty, Clarise B. Harty and Mary Brooks, Defendants.

No. 79 Civ. 5969.

United States District Court,
S. D. New York.

Feb. 25, 1980.

Beekman & Bogue by Martin P. Unger, Carlton R. Asher, Jr., New York City, for plaintiff.

Walsh & Levine, New York City, for Andrus defendants.

Rogers, Hoge & Hills by Richard J. Schulman, New York City, for defendant Von Barta.

Harold Holtman, Huntington, N. Y., for defendants Harty and Brooks.

## MEMORANDUM OPINION

EDWARD WEINFIELD, District Judge.

Plaintiff commenced this action against John J. Von Barta III ("Von Barta") and seven other defendants charging them with various fraudulent acts in transactions involving United States Government bonds to plaintiff's damage in excess of $400,000.

Several days prior to the commencement of this action a fifteen-count indictment was filed in this Court charging Von Barta with violations of the mail and wire fraud statutes and conspiracy to commit those crimes in connection with United States Government bonds, the alleged victims being parties other than the plaintiff herein. Von Barta on this motion contends that a reference in the indictment to "other" victims may include the plaintiff.

Von Barta, based upon an affidavit of his attorney in the criminal prosecution, moves to stay this civil action, including any deposition or other discovery process of him until the termination of his criminal prosecution. A motion to dismiss the indictment is sub judice and in the event of its denial a trial is anticipated in April 1980. In support of the stay it is urged (1) that he and his attorneys are all absorbed in the investigation and preparation of his defense to the criminal case and he has committed his limited financial resources to that end and to divert his energies to the civil suit would jeopardize trial preparation in the criminal matter and his ability to defend himself; (2) that were he to be questioned in the deposition or discovery process in this action it would result in his lawyers advising him to invoke his Fifth Amendment privilege.

It is noted that Von Barta is represented in this action by separate and independent

counsel from those who are defending him in the criminal prosecution. No reason has been advanced why these lawyers cannot devote themselves to matters involved in this suit while those who represent him in the criminal matter take care of his interests in that proceeding. Moreover, since his attorneys contend that the same general scheme to defraud is the nub of the civil complaint in this action and of the indictment, preparation for one trial is preparation for the other.

Plaintiff here alleges that as a result of the fraudulent scheme it has been defrauded of a very substantial sum. Absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim. That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim. Moreover, to grant defendant's request would impose upon plaintiff and the other parties duplicative and unnecessary effort and additional expense. In this action other defendants are named as having participated with Von Barta in the scheme to defraud. Plaintiff is entitled to proceed with its discovery proceedings against each of those defendants. Were a stay of discovery as against Von Barta granted, it would be necessary upon the vacatur of the stay, to re-notice the depositions of the other defendants in order to have Von Barta bound by them. To avoid this, plaintiff would have to withhold taking the depositions of those defendants until the vacatur of a stay, an alternative which would be prejudicial to plaintiff's right to proceed expeditiously against all defendants. Moreover, a policy of freely granting stays solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration.

Finally, to permit plaintiff to proceed in normal course against Von Barta would not prejudice him in the criminal prosecution. Upon any deposition, his constitutional privilege against self-incrimination may be asserted, if there is proper ground therefor.[1]

In the exercise of discretion the motion is denied.[2]

---

1. *Cf. United States v. Simon*, 373 F.2d 649, 653 (2d Cir.), *vacated on other grounds*, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967).

2. *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936).