ARDEN WAY ASSOCIATES, et al., Plaintiffs,

v.

Ivan F. BOESKY, et al., Defendants.

GUINNESS ENTERPRISES, INC., Plaintiff,

v.

Ivan F. BOESKY, et al., Defendants.

FARNSWORTH AND HASTINGS LIMITED, et al., Plaintiffs,

v.

Ivan F. BOESKY, et al., Defendants.

Nos. 87 Civ. 1865 (MP), 87 Civ. 1898 (MP) and 87 Civ. 1892 (MP).

United States District Court, S.D. New York.

May 26, 1987.

Cadwalader, Wickersham & Taft, New York City, for plaintiffs Arden Way Associates, et al.; George D. Reycraft, Richard J. Wiener, Pamela R. Chepiga, of counsel.

Arnold & Porter, Washington, D.C., for plaintiff Guinness Enterprises, Inc.; Mark H. Stumpf, of counsel.

Devevoise & Plimpton, New York City, for plaintiffs Farnsworth and Hastings Ltd., et al.; Robert J. Geniesse, Eric D. Roiter, Thomas Carroll, Mary Sue Henifin, of counsel.

Wilmer, Cutler & Pickering, Washington, D.C., Hertzog, Calamari & Gleason, New York City, for defendant Ivan F. Boesky; Bruce E. Coolidge, Washington, D.C., Peter E. Calamari, New York City, of counsel.

Parker Chapin Flattau & Klimpl, New York City, for defendant Oppenheim, Appel, Dixon & Co.; Marvin G. Pickholz, of counsel.

Choate Hall & Stewart, Boston, Mass., for defendant Ivan F. Boesky & Co., L.P.; Mitchell H. Kaplan, of counsel.

Cahill Gordon & Reindel, New York City, for defendant Drexel Burnham Lambert Inc.; Mathias E. Mone, of counsel.

## OPINION

MILTON POLLACK, Senior District Judge.

The defendant, Ivan F. Boesky, has moved for entry of an order severing the claims against him in these civil suits and staying the severed claims. He asserts that severance is sought so that the claims against other defendants may proceed. He suggests as an alternative that the cases be stayed in their entirety.

The plaintiffs are limited partners in Ivan F. Boesky & Co., L.P. (the "partnership") who allege in their complaints that they were defrauded in connection with their purchases of limited partnership interests. There are 42 plaintiffs in the *Arden Way Associates* suit, comprised of institutional investors, insurance companies, corporations, financial institutions, and individuals. In addition to the individual defendant, Ivan F. Boesky, the amended complaint names 13 separate defendants. The *Guinness* and *Farnsworth* actions echo the claims in the *Arden Way Associates* case. All three complaints assert claims under the federal securities laws and pendent common law claims.

## I. BACKGROUND

Mr. Boesky was engaged in the risk arbitrage business, through which he and related entities invested in the stocks of publicly traded companies, including those involved in mergers, takeovers, and other changes of ownership, control, or capitalization. Mr. Boesky's securities trading was conducted, among other ways, through and on behalf of corporations and partnerships in which he held ownership interests, or over which he is said to have exercised control of investment decisions.

As a result of investigations conducted by the Securities & Exchange Commission ("SEC), there were revealed and brought to public attention enormous claims of illegal insider trading in securities in which Mr. Boesky and a number of others were allegedly involved.

On November 14, 1986, Mr. Boesky consented to a judgment and a permanent injunction in an action brought against him by the SEC in the Southern District of New York. In that case the SEC complaint alleged that Mr. Boesky, through an agreement with Dennis Levine, improperly and illegally obtained and used non-public information regarding publicly traded securities to make investment decisions. Mr. Boesky neither admitted nor denied any of the allegations of the SEC complaint.

The investigations of the SEC and of the United States Attorney for the Southern District of New York resulted in a criminal indictment against Mr. Boesky on one of the matters revealed, and on April 23, 1987, Mr. Boesky pleaded guilty to a felony on that matter. His sentencing thereon is scheduled in this Court for August 21, 1987.

The Government's investigations, precipitated by the insider trading scandal, are ongoing, said to be extensive, and because

of their scope and complexity, are unavoidably incomplete at this time. Mr. Boesky has allegedly cooperated and is said to be continuing to cooperate with the Government agencies. He claims he has agreed, in writing, to maintain the confidentiality of matters that may be the subject of some of the ongoing investigations. Further, he alleges that his agreement precludes him from answering the factual allegations of the civil complaints in these litigations, and from fully asserting defenses, cross-claims, or counterclaims to those complaints, the nature of which he does not disclose.

The time for Mr. Boesky and all other defendants in these cases to Answer the complaints was extended until May 12, 1987 pursuant to Fed.R.Civ.P. 12, stipulation of the parties, and order of this Court. On May 13, 1987 Boesky filed this motion for a severance from the suits and a stay as to him of the civil litigations.

The theory of the motion presented is that Mr. Boesky considers it to be of utmost importance that he be in compliance with the letter and spirit of his agreements with the SEC and the United States Attorney. He states that the information which he has cooperatively provided to the Government concerns both the plaintiffs and defendants herein—and could, he believes, adversely affect the ongoing Governmental investigations. He states that the credit that he hopes to receive for his cooperation, as well as the extent of his sentence on the criminal charge, could be adversely affected by premature disclosure through a requirement that he plead to the complaints and be subject to pretrial discovery herein.

All of this is posited on Mr. Boesky's characterization that for him to go forward normally by way of pleading in these cases would subject him to "unnecessary and unfair conflicts between this case and the criminal proceedings." Boesky states that

if he is not relieved from the obligation to answer the complaints he will invoke his Fifth Amendment privilege.[1] Mr. Boesky states that to assert that privilege now, by way of defense to these suits, would burden his ability to defend himself properly; thus placing an additional cost on his decision to cooperate with the Government, and moreover, that would potentially chill similar cooperation by other anonymous persons in Mr. Boesky's position.

Finally, Mr. Boesky argues that to sever him from these litigations and stay proceedings as to him would not prejudice the plaintiffs.

## II. DISCUSSION

The analysis of the issues presented by this motion must begin with the proposition that defendant Boesky has no constitutional right to a severance and stay of these civil suits. The Constitution does not require a stay of civil proceedings pending the outcome of related criminal proceedings. *Securities & Exchange Commission v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.) (Wright, C.J.) *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *SEC v. Grossman*, 87 Civ. 1031 (SWK), slip op. at 2 (S.D.N.Y. March 30, 1987) [Available on WESTLAW–DCT database]; *see Paine, Webber, Jackson & Curtis Incorporated v. Malon S. Andrus*, 486 F.Supp. 1118, 1119 (S.D.N.Y.1980) (Weinfeld, J.) (denying stay).

Conceding that he has no constitutional right at stake, Boesky requests the Court to exercise its inherent discretionary authority to stay cases to control its docket in the interests of justice and efficiency. *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936).

Generally, in determining whether to stay a civil proceeding by reason of

---

1. Mr. Boesky presumably retains the Fifth Amendment privilege; he has not been sentenced and may be subject to prosecution for related crimes which his testimony might tend to reveal. *See Hoffman v. United States,* 341 U.S. 479, 486–87, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951); *United States v. Yurasovich,* 580 F.2d

1212 (3d Cir.1978); *United States v. Domenech,* 476 F.2d 1229, 1231 (2d Cir.), *cert. denied,* 414 U.S. 840, 94 S.Ct. 95, 38 L.Ed.2d 77 (1973); *Boucher v. DiLorenzo,* 84 Civ. 7868 (CBM), slip op. at 2–3 (S.D.N.Y. December 12, 1986) (citing cases) [Available on WESTLAW–DCT database].

pending criminal proceedings the Court must balance: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *In Re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D.Md. 1981); *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56 (E.D. Pa.1980)

In weighing these factors the courts are mindful that a policy of issuing stays "solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration." *Paine, Webber*, 486 F.Supp. at 1119. Thus, "[a]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff[s] should be delayed in [their] efforts to diligently proceed to sustain [their] claim." *Id.*

### A. Private Interests At Stake

Mr. Boesky cites two obstacles allegedly posed by the criminal proceedings which purportedly could prejudice his defense of these civil cases, and are said to justify a stay: (1) his agreements with the U.S. Attorney and the SEC allegedly preclude him from disclosing matters which are the subjects of an ongoing investigation; and (2) his assertion of his Fifth Amendment privilege will hamper his effective response to the suits.

Mr. Boesky's plea agreement with the government may not be used to hobble civil suits premised on facts arising out of the criminal investigation. Defendant's private interest in complying with his alleged cooperation agreement shrinks when placed in the context of plaintiffs' interest in diligently prosecuting their allegations of fraud.

It is plainly ludicrous for Mr. Boesky to argue that it is "unfair" to compel him to face the civil law suits against him which are the creations of his own alleged misconduct. The plight which he imagines that he is in stems solely from his own activities. Surely it would be anomalous to suspend plaintiffs' rights in these civil litigations because they will deal with Mr. Boesky's misconduct.

The only unfairness that the Court perceives is the moving party's assertion that it would be unfair to treat him normally. The defendant seems to be seeking privileged litigating status because of his own delinquencies. "That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff[s] from expeditiously advancing [their] claim." *Paine, Webber*, 486 F.Supp. at 1119. Mr. Boesky's guilty plea and arrangement with the Government should not prejudice plaintiffs.

Plaintiffs have a substantial interest in the efficient conduct of this complex litigation, and in compliance with the Federal Rules of Civil Procedure. Stalling the case for a defendant who has ample means to protect himself otherwise, or fragmenting Mr. Boesky's participation would be counter-productive and prejudicial to plaintiffs, especially where there are so many claimants to the potentially limited funds for satisfaction of the potential damages in this and related litigation in which Mr. Boesky is involved.[2]

Mr. Boesky has sold himself to the prosecutors—he has not given plaintiffs in the civil suits any consideration or favors. He has merchandised his knowledge of his misconduct and that of others for an exchange in which plaintiffs are not partners, nor even parties. There is no reason for this

---

**2.** It is reasonable to expect that Mr. Boesky be available to participate in each phase of pretrial proceedings in this multi-party litigation. No discovery schedule has as yet been initiated. Motions to dismiss are pending. The proceedings could become disjointed and unnecessarily complicated should Mr. Boesky be removed from exposure and his participation frozen. Confusion would be inevitable. From the viewpoint of judicial economy, absent prejudice to the public interest, the actions should not be carved up.

Court to downgrade the plaintiffs' rights because Mr. Boesky does not stand to gain from vindication of those rights, nor are plaintiffs obliged to become hostages to Mr. Boesky's deal with the United States Attorney or the SEC. Mr. Boesky deliberately courted the impediment he seeks to erect as a shield. *See Societe Internationale v. Rogers,* 357 U.S. 197, 208–209, 78 S.Ct. 1087, 1093–94, 2 L.Ed.2d 1255 (1958) (whether litigant "deliberately courted legal impediments" has a "vital bearing" courts' exercise of discretion); *SEC v. Banca Della Svizzera Italiana,* 92 F.R.D. 111, 117 (S.D.N.Y.1981) (finding that litigant "deliberately courted legal impediments").

In fact, the alleged prejudicial conflict between Mr. Boesky's plea agreement and his Answer in this civil action is largely illusory; Mr. Boesky is not compelled to include confidential information in his Answer. Mr. Boesky need not disclose confidential information which may incriminate him; he has the option of asserting his Fifth Amendment privilege where applicable, and has indicated his intention to exercise it. Answering the complaint with an assertion of privilege, therefore, will assist Mr. Boesky in keeping his pledge to the U.S. Attorney of confidentiality.[3]

The Court is not receptive to deferral of Mr. Boesky's Answer on the ground that he prefers the option of including unprivileged confidential information in his Answer without being faced with a decision whether to compromise his cooperation agreement.[4] Plaintiffs in these civil litigations should not be forced to cater to Mr. Boesky's private arrangement with the Government in that respect. There is no real prejudice to Mr. Boesky if he chooses not to assert certain information at this time. An effective Answer does not necessarily require the disclosure of unprivileged confidential information.[5]

■ Mr. Boesky's makes the further argument that should he be constrained to invoke his Fifth Amendment privilege in an Answer his ability to defend himself adequately in these litigations would be impaired. Where invocation of the Fifth Amendment imposes undue sanctions or penalties on a defendant, a court may in its discretion stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the furtherance of the interests of justice. *Dresser,* 628 F.2d at 1375, citing *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970). These determinations are to be made "in the light of the particular circumstances of the case." *Id.*

■ Under the facts and circumstances Mr. Boesky's Fifth Amendment argument is inadequate ground for a severance and a stay of the cases against him herein. *See Dresser,* 628 F.2d at 1376 (denying stay sought on similar grounds); *Paine, Webber,* 486 F.Supp. at 1119 (same). Again, Boesky acknowledges that he has no constitutional right to a stay on this basis, or to be free from adverse inferences associated with invoking the privilege in these civil cases. *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

Courts issuing discretionary stays based on Fifth Amendment considerations have relied on the apparent unfairness of forcing

---

**3.** Mr. Boesky's speculation that he might increase the nature and extent of his criminal penalties by submitting an Answer in the civil cases is unsubstantial as the basis for a stay. There is little risk that submitting an appropriate Answer or asserting the Fifth Amendment privilege in these civil suits will prejudice his sentence in the criminal proceeding where Boesky has already acknowledged criminality by a plea of guilty. Of course, Mr. Boesky has no right to be free of inferences from the assertion of the privilege in these civil cases. *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

**4.** The SEC staff has informed Boesky's counsel: "The Commission does not construe the filing of appropriate answers, cross-claims, and counter-claims alleging the facts that Mr. Boesky has related to the SEC Staff and representative of the United States Attorney's Office as a breach of the confidentiality provision of the agreement referred to in Mr. Boesky's moving papers, with the exception of information concerning Mr. Boesky's communications with the SEC staff and the United States Attorney's Office."

**5.** Additionally, if justice so requires Mr. Boesky may seek to amend his Answer at a later date to include previously undisclosed information. *See* Fed.R.Civ.P. 15(a); *infra* at p. 13.

a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking a loss there, or answering questions in the civil context, thus risking subsequent criminal prosecution. *See Brock v. Tolkow,* 109 F.R.D. 116, 119–20 (E.D.N.Y. 1985). Particular civil proceedings have been stayed where to continue them would expose a litigant to undue risk of losing the civil case, or facing criminal prosecution. *See Wehling v. CBS,* 608 F.2d 1084, 1088–89 (5th Cir.1979) (case stayed); *Clark v. United States,* 481 F.Supp. 1086, 1099–1100 (S.D.N.Y.1979) (discovery stayed) *Corbin v. Federal Deposit Insurance Corporation,* 74 F.R.D. 147, 149 (E.D.N.Y.1977) (deposition stayed); *Dienstag v. Bronsen,* 49 F.R.D. 327, 329 (S.D.N.Y.1970) (protective order granted/depositions stayed).

Mr. Boesky faces none of those burdens at this time by merely serving an Answer. He does not risk losing these cases if he asserts the privilege in his Answer. The Court can prevent potentially unfair prejudice, if any. Federal Rule of Civil Procedure 15(a) permits a party to amend his pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Similarly, counterclaims may be set up by amendment when justice so requires. Fed.R. Civ.P. 13(f). Thus, by granting him leave to amend after his sentencing, the Court may provide the opportunity for good cause shown to correct any failure to include facts and defenses in his Answer at this time.

If he elects to assert his Fifth Amendment privilege, Mr. Boesky avoids any risk of prosecution based on his Answer here. In any event, it is extremely dubious whether Mr. Boesky's Answer could effect his liability in the criminal proceedings. Mr. Boesky has negotiated and cooperated with the Government and entered a plea of guilty as part of an arrangement, thereby substantially decreasing if not extinguishing the risk of his further prosecution.

Considering Mr. Boesky's private interests alone, a severance and stay is inappropriate. There is no reason why defendant should not timely respond to the charges of the plaintiffs in compliance with the Rules, just as any ordinary person is required to do.

## B. The Public Interest

There is another interest to be considered, namely, the overriding public interest—and whether the timing of proceedings in the civil litigations must be altered on this account, even if the fallout from doing so were to serve an unintended benefit to Mr. Boesky.

These cases originated from and owe their existence to the discoveries and investigations of the SEC and of the United States Attorney. It was their investigations which uncovered the matter on which plaintiffs sue. The Government investigations unavoidably have not been completed, and the prosecutors and the public interest may require more time to delve into the mass of data and matters involved. This Court must take cognizance of the fact that the Government's proceedings could be impaired and prejudiced were Mr. Boesky prematurely compelled to disclose the matters that are being considered, investigated, and weighed by the Government.

Certainly plaintiffs in civil litigation should be afforded every legal right in pursuit of their claims and not be hampered by a defendant's arguments of convenience, but if to do so, by obtaining discovery from Mr. Boesky, will impair the activities of the Government in pursuing and completing their inquiries, including the ascertainment of the responsibility of others than Boesky, then an unfairness is worked against the public interest, which is entitled to be conserved. Surely the originators of the disclosures which made possible these suits by plaintiffs are entitled to a reasonable degree of deference over the private interests at stake, if only to permit the completion of the investigation in the public's interest by the public guardians thereof.

The Government agencies have not sought to intervene on this motion, therefore it must be assumed that they consider that a threat to the public interest has not

as yet ripened at the pleading stage of this case. Indeed, the public interest in the integrity of securities markets militates in favor of the efficient and expeditious prosecution of these civil litigations.

The Court may re-evaluate the situation if and when the balance of burdens, and private and public interests so requires. There are adequate and less intrusive means available to accommodate the varied interests in the course of this litigation. *See United States v. Kordel,* 397 U.S. 1, 9, 90 S.Ct. 763, 768, 25 L.Ed.2d 1 (1970) (use of Fed.R.Civ.P. 30(b) may be appropriate in parallel civil and criminal actions); *Dresser,* 628 F.2d at 1375 (court may postpone discovery, issue protective orders etc.); *United States v. Simon,* 373 F.2d 649, 654 (2d Cir.) (Rule 30(b)), *vacated on other grounds,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967); *SEC v. Grossman,* 86 Civ. 1031 (SWK), slip. op. at 5 (S.D.N.Y. March 30, 1987) [Available on WESTLAW, DCT database] (sealing confidential depositions); *see also* Fed.R.Civ.P. 26(c) (protective orders); Fed.R.Civ.P. 30(d) (limiting examinations); Fed.R.Civ.P. 45(b) (quash or modify subpoenas).

A discovery schedule to serve the best interests of all parties can be structured appropriately. The Government will be afforded a timely opportunity to be heard on the public interest when questions relating to discovery are presented.

The motions for severance and stays are denied. Accordingly, Mr. Boesky's answers to the several complaints herein are due within 10 days from the date of this decision.

SO ORDERED.