UNITED STATES, Plaintiff,

v.

SPANISH FOODS, INC., Lilliam S. Martinez, Francisco Hernandez–Perez, Fausto Diaz–Oliver, Remedios Diaz–Oliver, and Vincente Hernandez–Perez, Defendants.

Lilliam S. MARTINEZ, Fausto Diaz–Oliver, and Remedios Diaz–Oliver, Third–Party Plaintiffs,

v.

Claudio L. MARTINEZ, Third–Party Defendant.

Slip Op. 98–156.
Court No. 98–03–00620.

United States Court of
International Trade.

Nov. 19, 1998.

Aragon, Burlington, Weil & Crockett, P.A. (*Jeffrey B. Crockett*) for third-party defendant.

Carrol & Associates, P.A. (*Linda L. Carroll*) for third-party plaintiff, Lilliam S. Martinez.

Collier, Shannon, Rill & Scott, P.L.L.C. (*Paul C. Rosenthal, Laurence J. Lasoff, and John B. Brew*) for third-party plaintiff Remedios Diaz–Oliver.

Fotopulos & Spridgeon (*Thomas E. Fotopulos*) for third-party plaintiff Fausto Diaz–Oliver.

## OPINION

WATSON, Senior Judge:

The Court has before it third-party defendant's motion to dismiss or to stay further proceedings on the third-party complaints in this civil penalty action, which action was originally brought by the government under 19 U.S.C. § 1592. This action is related to a criminal case brought by the government in the Southern District of Florida (97–0842). The movant (third-party defendant in this action) is also a defendant and alleged co-conspirator in the criminal case. He has entered into an agreement to plead guilty to one count of the indictment

and to testify in the criminal trial against the other defendants (who are defendants and third-party plaintiffs in this civil action).

In other words, the government is pursuing two actions arising from alleged fraudulent import invoices. One is a criminal action begun in November of 1997 against a group of named defendants in which one of the defendants has entered into a plea agreement to cooperate against the others. That case is set for trial in May of 1999. The other action is this civil penalty action, begun in March of 1998, in which the government has not sued the cooperating criminal defendant. Now, that defendant has been impleaded by the defendants in this civil action on claims of fraud, indemnification, contribution and breach of fiduciary duty.

This is a matter of first impression in this court, although it is not uncommon elsewhere. See, Milton Pollock, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (1989).

For reasons which will be made clear, the third-party defendant's motion to dismiss or to stay the proceedings on the third-party complaint will be denied.

In support of the motion to dismiss, the third-party defendant argues that this civil action is parallel to the criminal proceeding and third-party plaintiffs will be estopped from claiming indemnification from third-party defendant if they are convicted of criminal fraud.

*Assuming, without deciding, that defendants/third-party plaintiffs would have no action here against third-party defendant if they are convicted of criminal fraud, that is a future contingency. It does not affect the present viability of their third-party action.*

At present, defendants are presumed to be innocent in the criminal action and there is no reason why they should not have the normal right of a defendant in a civil action to make a third-party claim against any party claimed to bear responsibility, in whole or in part, for the relief sought in the main action. In other words, in this civil action there is no impediment to a claim by defendants against a third-party within the jurisdiction granted this Court in 28 U.S.C.

§ 1583 and the rules of third-party practice set out in U.S.C.I.T. Rule 14.

Third-party defendant has failed to provide any authority for the novel proposition that, simply because there is a parallel criminal proceeding, defendants in a civil fraud action cannot make a claim for fraud, indemnification, contribution or breach of fiduciary duty against a third-party who may be liable for all or part of the penalty. Dismissal of the third-party complaints is therefore out of the question.

■ As for the motion for a stay, it does not meet the criteria typically found in cases in which stays are advisable. Normally, when a civil and criminal case are running parallel, there are two general circumstances that may justify a stay of the civil action. In one, the danger that discovery in the civil action poses to the self-incrimination protection of the accused in the criminal case may sometimes justify a stay of a civil action against the accused. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1377 (D.C.Cir.1980) cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). No such danger exists here because the stay is sought by a party who no longer faces criminal jeopardy due to his agreement to plead guilty and testify against others. In this respect the rationale for a stay is clearly lacking. *Arden Way Associates v. Boesky*, 660 F.Supp. 1494 (S.D.N.Y.1987).

The other circumstance in which stays are sometimes granted is when the government seeks to stay a civil action so that civil discovery disclosures will not jeopardize the prosecution of a related criminal case. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962). There has been no showing that this situation belongs in that category. In fact, it appears that the focus of discovery here will be to find support for a statute of limitations defense to the civil penalty case, i.e., a defense that the government should have known of the fraud on a date earlier than the date used to calculate the statute of limitations for this civil action.

Since this action for a civil penalty was assertedly filed two days before the limit, the statute of limitations issue may be disposi-

tive. In any event, the civil statute of limitations issue does not appear to have any bearing on the criminal action.

In short, the continuation of this action by answer to the third-party complaints and related discovery has not been shown to represent any threat of a type sufficient to justify a stay, either to the rights of anyone involved in the related criminal case or to the prosecution of that related case.

For the reasons given above the motion to dismiss or stay the third-party complaint in this action is denied.

### ORDER

It is **ORDERED** that the motion to dismiss or stay the third-party complaints in this action are **DENIED**.