# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| A. SCHULMAN, INC. HGGC CITADEL PLASTIC HOLDINGS, INC., and LUCENT POLYMERS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12459-VCL |
| CITADEL PLASTIC HOLDINGS, LLC, HUNTSMAN GAY CAPITAL PARTNERS FUND, L.P., HUNTSMAN GAY CAPITAL PARTNERS PARALLEL FUND A, L.P., HUNTSMAN GAY CAPITAL PARTNERS PARALLEL FUND B, L.P., HGIP ASSOCIATES, L.P., HGIP TRUST ASSOCIATES, L.P., HG AFFILIATE INVESTORS, L.P., HGCP, L.P., CHARLESBANK EQUITY FUND VII, LIMITED PARTNERSHIP, CHARLESBANK EQUITY COINVESTMENT FUND VII, LIMITED PARTNERSHIP, CB PARALLEL FUND VII, LIMITED PARTNERSHIP, CB OFFSHORE EQUITY FUND VII, L.P., CHARLESBANK COINVESTMENT PARTNERS, LIMITED PARTNERSHIP, KEVIN ANDREWS, MICHAEL W. HUFF, JASON JIMERSON, MATTHEW D. MCDONALD, and MARIO SANDOVAL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants/Third-Party Plaintiffs/Counterclaim Third-Party Defendants, | ) ) ) | |
| v. | ) ) | |
| ROBERT J. BRINKMANN, | ) ) | |
| Third-Party Defendant/Counterclaim Third-Party Plaintiff. | | |

## MEMORANDUM OPINION

Date Submitted: October 26, 2017
Date Decided: November 2, 2017

Paul J. Lockwood, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Wilmington, Delaware; *Attorney for Plaintiffs*.

David E. Ross, Eric D. Selden, Nicholas D. Mozal, ROSS ARONSTAM & MORITZ LLP, Wilmington, Delaware; *Attorneys for Defendants.*

**LASTER, V.C.**

The plaintiffs sued an array of defendants. The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), contending that its allegations failed to state a claim on which relief could be granted. This court largely denied the motion, holding that the detailed allegations of the complaint stated claims for fraud and breach of contract. Discovery commenced. Over the past sixteen months, the parties exchanged nearly 500,000 documents and took more than forty depositions, with dozens more on the horizon. The matter is currently scheduled for trial in March 2018.

On October 3, 2017, the Federal Bureau of Investigation served the five individual defendants with subpoenas that required them to produce documents as part of an investigation being conducted by the United States Attorneys' Office for the Southern District of Indiana. The FBI also served subpoenas on other former employees of HGGC Citadel Plastic Holdings, Inc. and Lucent Polymers, Inc.

Even though the numerous defendants in this action were differently situated, faced different threats of liability based on the allegations of the complaint, and likely possessed different defenses, they had chosen to be represented by a single Delaware firm and a single forwarding firm. After the subpoenas were served, defense counsel cancelled the upcoming depositions so that the five individuals could retain new counsel.

On October 16, 2017, the defendants moved to stay this case in light of the criminal investigation. Although they claim to seek only a ninety-day stay to allow the new lawyers to familiarize themselves with the civil action and assess their clients' potential criminal exposure, in reality they seek an indefinite stay. Their proposal contemplates an open-ended postponement of all deadlines and case activity with a status

1

conference after ninety days to update the court and discuss how to proceed. All of the defendants in the case would benefit from the stay, even though only the five individual defendants have received subpoenas.

The Delaware courts have not articulated a specific test to apply when analyzing whether to stay a civil case in light of a pending criminal investigation. The federal courts have confronted the issue frequently.[1] The United States Court of Appeals for the Third Circuit has explained that deciding whether to stay a civil case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[2]

The federal courts have identified a series of factors to guide the exercise of judgment. Two overarching considerations are (i) "the status of the criminal case, including whether the defendants have been indicted" and (ii) "the extent to which the issues in the criminal and civil cases overlap."[3] These headline issues help a court assess

---

[1] *See generally* Kimberly J. Winbush, *Pendency of Criminal Prosecution as Ground for Continuance of Postponement of Civil Action to Which Government Is Not Party Involving Facts or Transactions upon Which Prosecution Is Predicated—Federal Cases*, 34 A.L.R. Fed. 2d 85 (2009 & Supp.); Stanley A. Twardy, Jr. & Peter M. Holland, *Fighting on Two Fronts: Staying Civil Discovery During Criminal Proceedings*, 24 Litigation 16 (Summer 1998); Milton Pollack, *Parallel Federal & Criminal Proceedings*, 129 F.R.D. 201, 203-05 (1989). State courts in other jurisdictions also have considered the issue frequently. *See* Kimberly J. Winbush, *Pendency of Criminal Prosecution as Ground for Continuance or Postponement of Civil Action Involving Facts or Transactions upon which Prosecution Is Predicated—State Cases*, 37 A.L.R.6th 511 (2008 & Supp.).

[2] *Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967) (internal quotation marks omitted) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).

[3] *In re Herley Indus. Inc. Sec. Litig.*, 2007 WL 1120246, at *1 (E.D. Pa. 2007).

(i) the imminence and severity of the threat of criminal prosecution and (ii) whether the civil proceeding will have the effect of "undermining a defendant's Fifth Amendment privilege against self-incrimination, expanding the scope of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, exposing the basis of the defense to the prosecution in advance of trial, or otherwise prejudicing the criminal case."[4]

With the status of the criminal case and the degree of overlap in mind, a court then balances five additional factors:

> (1) the interest of the plaintiff in proceeding expeditiously with his case and any potential prejudice it may suffer from any delay;
>
> (2) the burden upon the defendants from going forward with any aspects of the proceedings, in particular any prejudice to their rights;
>
> (3) the convenience of the court and the efficient management of judicial resources;
>
> (4) the interests of any non-parties; and
>
> (5) the interest of the public in the pending civil and criminal litigation.[5]

When evaluating these factors, a court necessarily takes into account the length of the requested stay. Granting a total stay of a civil case is an "extraordinary remedy."[6]

---

[4] *Id.*

[5] *Id.* at *2 (formatting added).

[6] *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (internal quotation marks omitted) (quoting *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987)); *accord Gala Enters., Inc. v. Hewlett Packard Co.*, 1996 WL 732636, at *3 (S.D.N.Y. Dec. 20, 1996) ("[A] general stay of all civil discovery is not by

Lacking guidance from the Delaware Supreme Court or other Delaware decisions, this decision applies the federal multi-factor test. Under this test, the first overarching consideration is the status of the criminal case, with a particular focus on whether the defendants have been indicted.[7] "Stays generally are not granted before an indictment has issued."[8] Federal authorities frequently conduct investigations, only a fraction of investigations lead to indictments, and the timeline from investigation to indictment can be protracted; consequently, the routine grant of pre-indictment stays would generate many false positives and result in lengthy delays of civil litigation.[9]

In this case, only the five individual defendants have received subpoenas. The other defendants have not. None of the five individuals has been indicted. The subpoenas

---

any means the best option available to the court or to the litigants." (quoting Pollack, *supra* note 1, at 211)).

[7]*Herley*, 2007 WL 1120246, at *1; *see United States v. All Articles of Other-Sonic Generic Ultrasound Transmission Gel*, 2013 WL 1285413, at *2 (D.N.J. Mar. 27, 2013) ("The strongest case for a stay of discovery in a civil case occurs during a criminal prosecution after an indictment is returned, as it is then that the potential for self-incrimination is greatest."); *Volmar Dists., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (same).

[8] *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013).

[9] *See Ashworth v. Albers Med. Inc.*, 229 F.R.D. 527, 530 (S.D. W.Va. 2005) ("Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings."); *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("Pre-indictment . . . , the delay imposed on the plaintiff is potentially indefinite. There is no telling how complicated the government's investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be.").

seek only the production of documents. They do not call for testimony. The lawyers who have appeared for the five individual defendants do not know the extent of the government's investigation. During the hearing on the motion to stay, the new lawyers for these defendants expressed deep concern about the seriousness of the government's interest in their clients' documents. Yet just months ago, their clients argued vigorously that the plaintiffs' detailed averments could not state a claim on which relief could be granted, even under the lenient and plaintiff-friendly pleading standard that governs civil cases. Their clients' prior posture undercuts the lawyers' current protests. Equally important, the government has not asked for a stay, as it has in other cases, even though all parties agree that the government knows about this litigation.[10] In summary, the criminal proceedings remain at a preliminary, investigatory stage, with no indictments as of yet.

The second overarching consideration is the extent of overlap between the government's investigation and the civil case. The short answer is that no one knows. The defendants did not provide the court with the subpoenas. Nor does the court have meaningful information about the investigation. During the hearing on the motion to stay, defense counsel asked for the hearing to take place off the record so that they could be open and candid with the court about what they knew. Over the plaintiffs' objection, the court granted that request. The defense lawyer who took the lead then proceeded to make

---

[10] *See Computer Scis. Corp. v. Pulier*, C.A. No. 11011-CB (Del. Ch. July 20, 2017) (TRANSCRIPT).

5

a presentation that did not include any confidential information, and it required a series of questions from the court before counsel conceded that at present, the government is only seeking documents. When the court asked what else defense counsel knew about the investigation, the attorney suggested that the plaintiffs, rather than the defendants, should respond, because the plaintiffs had contacted the United States Attorneys' Office to report what they believed constituted criminal conduct. Although it seems likely that there will be some overlap between this case and the criminal investigation, the defendants have not made a meaningful showing on that point.

These two overarching considerations significantly influence the outcome of the five-factor balancing test. This test calls on the court first to consider the interest of the plaintiffs in proceeding expeditiously with their case and any potential prejudice they may suffer from a delay. This factor will weigh heavily in favor of a plaintiff who can "demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay."[11] The general passage of time and additional monetary losses are less weighty considerations.[12]

In this matter, the plaintiffs have conducted a large amount of discovery and have been preparing for a trial in March 2018. Based on a subpoena for documents, the defendants are now proposing what is effectively an open-ended stay with a status report

---

[11] *Herley*, 2007 WL 1120246, at *2; *see also State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002).

[12] *Herley*, 2007 WL 1120246, at *2.

after ninety days, thereby bringing the plaintiffs' litigation efforts to a halt. In my view, this factor marginally favors the plaintiffs, but not decisively.

The second factor considers the burden on the defendants, with particular emphasis on the potentially difficult choice of "waiving their Fifth Amendment rights during civil discovery, or asserting the privilege and losing the civil case."[13] This concern is substantially reduced when the defendants have not yet been indicted.[14] It will be mitigated further if, as the defendants argue, the Delaware Rules of Evidence do not permit the court to draw an adverse inference from the invocation of a Fifth Amendment right.[15]

In this case, the defendants have not been indicted. To date, the government is only seeking documents. Although the defendants have argued that the civil and criminal cases are likely to overlap, they have not developed a record sufficient for the court to conclude that they face a meaningful burden from continuing to proceed with this case. There is, of course, some burden associated with litigating a civil case and, at the same

---

[13] *Id.*

[14] *See Beckham-Easley*, 2002 WL 31111766, at *3; *In re Mid–Atl. Toyota Antitrust Litig.*, 92 F.R.D. 358, 360 (D. Md. 1981).

[15] *See* Def. Reply Br. ¶¶ 7-8; D.R.E. 512(a); *W.L. Gore & Assocs., Inc. v. Long*, 2011 WL 6935278, at *4 n.31 (Del. Ch. Dec. 28, 2011). The plaintiffs disagree and believe that drawing an adverse inference is permissible. The individual defendants have not yet invoked the Fifth Amendment. If they do, and if the question of an inference needs to be addressed, then this issue can be decided later with the benefit of full briefing. For present purposes, it is sufficient to note that under the defendants' view of the law, any concern about undermining the protections of the Fifth Amendment is mitigated.

time, producing documents to the government, but that burden is not uncommon. In my view, this factor marginally favors the defendants, but not decisively.

The third factor looks to the efficient use of judicial resources. "The courts must be mindful that a policy of issuing stays solely because a litigant is defending simultaneous [civil and criminal] lawsuits would threaten to become a constant source of delay and an interference with judicial administration."[16] The Delaware Supreme Court has explained that trial courts have a substantial interest in moving cases forward toward an established trial date.[17] An open-ended stay undermines this interest, particularly if granted before indictments have been issued.[18]

In this case, to reiterate, no one has been indicted. The U.S. Attorney is conducting an investigation and has subpoenaed documents. Granting a stay would disrupt a trial scheduled for March 2018 after the parties already have made a substantial investment in discovery. This factor weighs heavily against a stay.

The fourth factor calls for the court to consider the interests of nonparties. No one has invoked this factor.

---

[16] *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 808 (E.D.N.Y. 1992) (internal quotation marks omitted); *accord Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987); *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980).

[17] *See Christian v. Counseling Res. Assocs., Inc.*, 60 A.3d 1083, 1085 (Del. 2013); *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

[18] *Beckham-Easley*, 2002 WL 31111766, at *3; *see also Citibank, N.A. v. Hakim*, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993).

The fifth factor instructs the court to consider whether a stay is in the public interest. "Ensuring that aggrieved parties are made whole as rapidly as possible" serves the public interest.[19] Although "there are times in which the public's interest in the integrity of the criminal case takes precedence over the interests of the civil litigant," not all civil cases have the effect of undermining a criminal investigation.[20] The public also has a "vital stake in rooting out fraud."[21]

The public interest calls for having this litigation go forward. The public has a vital interest in rooting out the fraud that the plaintiffs alleged, as well as an interest in ensuring that the aggrieved parties (should they prove their case) are made whole in a timely fashion. This case was filed over a year ago. The well-pleaded complaint stated claims for breach of contract and fraud. The parties have invested substantial efforts in discovery and are proceeding toward a trial in March 2018.

By contrast, the criminal investigation remains at a nascent stage. No one knows when or if indictments will be brought. To date, subpoenas have been issued to five individual defendants, but none to the other defendants in the case. It would undermine the public interest to derail this case on the basis of the subpoenas that the U.S. Attorney has issued. Doing so effectively would reward individuals who engaged in more serious

---

[19] *eBay, Inc. v. Dig. Point Sols., Inc.*, 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010) (internal quotation marks omitted) (quoting *Starlight Int'l, Inc. v. Herlihy*, 1998 WL 560045, at *3 (D. Kan. Aug. 4, 1998)).

[20] *Dig. Point Sols., Inc.*, 2010 WL 702463, at *6.

[21] *Starlight Int'l*, 1998 WL 560045, at *3.

9

wrongdoing by enabling them to use a threatened (but not yet commenced) criminal proceeding as a shield against a longstanding civil case.[22]

Having weighed the various factors that the federal courts have identified as pertinent to a motion to stay a civil case in deference to a criminal case, the court concludes that a stay is not warranted under the circumstances. The motion for a stay is DENIED.

---

[22] *See Arden Way*, 660 F. Supp. at 1498 (denying stay; rejecting argument that it would be "unfair" to require a defendant "to face the civil suits against him which are the creations of his own alleged misconduct"); *Paine Webber*, 486 F. Supp. at 1119 ("That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim.").