TONA, INC.

v.

**Nichole M. EVANS et al.**

**No. 89–549–M.P.**

Supreme Court of Rhode Island.

May 13, 1991.

Anthony S. Buglio, Law Offices of Fortunato & Tarro, Warwick, for plaintiff.

Mark T. Buben, Coia & Lepore, Ltd., Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case is before us on a writ of certiorari brought by the defendants, Nichole M. Evans and Robert I. Coury, to challenge an order of the Superior Court compelling responses and production of documents in a civil matter. We vacate and remand. The facts may be briefly stated as follows.

On April 18, 1989, plaintiff, Tona, Inc. (Tona), filed a civil complaint for conversion in Providence County Superior Court against defendants. The defendants are both former employees of Tona and are alleged to have embezzled approximately $258,000 during the course of their employment. Based upon these allegations, criminal indictments were sought and issued by the Attorney General's office against each defendant. Both defendants have entered not-guilty pleas and are awaiting trial.

During the course of the civil-discovery proceedings each defendant was served with a notice of intention to take depositions. Accompanying each notice was a request for the production of documents to be produced at the time of the deposition. Among the items sought to be produced were each defendant's federal and state income tax returns; any personal financial statements submitted to any financial lending institutions; any financial records relating to savings accounts, checking accounts, stocks, bonds, and certificates of deposit; life insurance policies; bank and credit union names, addresses, and account numbers; records pertaining to personal-injury or work-related claims; records regarding real estate, automobiles, and any other personal-property interest; and any records evidencing mortgage payments.

The defendants' depositions were originally scheduled for May 23, 1989, but by agreement of the parties were continued to June 30, 1989. At no time did any party file an objection either to the taking of the depositions or to the production of documents.

On June 30, 1989, each defendant appeared for the oral deposition, and each defendant refused to answer the majority of questions posed, pleading the Fifth Amendment privilege against self-incrimination. Neither defendant produced any of the requested documents.

On September 19, 1989, Tona filed a motion to compel defendants to respond to the deposition questions and to produce the requested documents. Following a hearing on October 26, 1989, the trial justice granted the motion subject to an exception regarding the filing of state and federal income tax returns. The defendants' motion to stay the order pending their petition for a writ of certiorari was denied on November 6, 1989. An order granting the motion to compel was entered on November 22, 1989.

On November 17, 1989, defendants filed a petition for writ of certiorari, seeking a review of the order entered on October 26, 1989. The petition was granted on March 22, 1990.

The sole issue presented to this court for review is whether defendants properly raised their Fifth Amendment privilege against self-incrimination in response to questions asked and documents requested for production at a civil deposition.

■ At the outset we note that the Fifth Amendment privilege against self-incrimination may properly be invoked in a civil proceeding regardless of whether there is a pending criminal matter arising out of the same set of factual circumstances. *See* *United States v. Kordel*, 397 U.S. 1, 7–8, 90 S.Ct. 763, 767, 25 L.Ed.2d 1, 7–8 (1970). This privilege, however, "applies only when the accused is compelled to make a *testimonial* communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39, 54 (1976); *In re Grand Jury Proceedings*, 814 F.2d 791, 792 (1st Cir.1987). Further, the right to invoke the privilege in no way extends to a blanket invocation of the privilege. *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

■ The defendants argue that to compel them to answer questions or to produce documents in a civil-discovery proceeding while a parallel criminal proceeding is pending would, in effect, deny them their Fifth Amendment rights against self-incrimination. In support of their position defendants rely upon four federal decisions for the proposition that civil-discovery proceedings must be stayed pending the outcome of the criminal action. Specifically, defendants cite *Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D.N.Y.1970); *Perry v. McGuire*, 36

F.R.D. 272 (S.D.N.Y.1964); *Paul Harrigan & Sons v. Enterprise Animal Oil Co.*, 14 F.R.D. 333 (E.D.Pa.1953); and *National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236 (E.D.Mich.1952). A review of these federal decisions indicates that in each case the proper procedure for invoking the Fifth Amendment privilege against self-incrimination in a civil proceeding involved counsel for the defendants timely filing motions for protective orders from civil discovery pursuant to Fed.R.Civ.P. 30(b).

■ The facts of the instant case indicate that from the date defendants received notice of plaintiff's intention to depose them (on or about May 10, 1989) until the actual date of the deposition (June 30, 1989), approximately seven weeks passed. During that period, defense counsel made no effort to file Rule 30(b) motions for protective orders. Thus, defendants' reliance on the cited federal decisions is misplaced.

■ Even assuming that the proper procedural device had been invoked, we find the foregoing cases less than persuasive in determining the scope of relief to be afforded to one who seeks to invoke the privilege in a civil action. The total postponement of discovery is undoubtedly more relief than that to which a civil litigant is entitled. The cutting off of discovery based upon invocation of the privilege would deny a plaintiff the opportunity even to discover facts in respect to which the privilege does not apply. When a court is faced with the claim of privilege in a civil case, it should attempt to strike a proper balance, not simply accord one of the litigants complete immunity from interrogation or production of documents. *See Mahne v. Mahne*, 66 N.J. 53, 328 A.2d 225 (1974). However, it should be noted that the trial justice in a civil case may have the option of drawing certain inferences and applying certain sanctions upon a party litigant who refuses to answer on self-incrimination grounds. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821 (1976); *Pulawski v. Pulawski*, 463 A.2d 151, 156 (R.I.1983).

■ What we are faced with here is a situation in which defendants appeared at a scheduled deposition and attempted to assert their Fifth Amendment privilege against self-incrimination to even the most innocuous questioning. There is no indication in the record that either defendant at any time provided the court with any basis for their refusal to answer the questions or produce the requested documents. Although we recognize that the Fifth Amendment privilege against self-incrimination does extend to civil proceedings, we note that there are limitations on the right to invoke the privilege. Specifically the court must have sufficient information to establish the validity of the privilege without jeopardizing the rights of the invoker. As the Fifth Circuit Court of Appeals recognized in *S.E.C. v. First Financial Group of Texas, Inc.*, the question of the validity of the invocation of the privilege is not for the party invoking the privilege but "for the court to decide after conducting 'a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded.'" 659 F.2d at 668 (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)). Thus, the mere invocation of the privilege is insufficient in determining its applicability. *See Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124 (1951). Whether the privilege is applicable must be determined by the court on a question-by-question basis. *See S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d at 668.

■ In the instant case there is no indication in the record that the trial justice was provided with any factual basis for evaluating whether defendants' testimony or production of documents would have been potentially incriminating. The mere threat of criminal prosecution is insufficient to justify a blanket assertion of the Fifth Amendment privilege. *See United States v. Malnik*, 489 F.2d 682 (5th Cir. 1974); *United States v. Roundtree*, 420 F.2d 845 (5th Cir.1969). Thus, whereas defendants' blanket invocation of the privilege was improper, the trial justice's order

compelling responses to all questions and the production of documents (excepting the federal and state tax returns) was an overbroad response. Rather the court should have been provided with a factual basis "for evaluating question-by-question whether the testimony would pose a real and appreciable tendency to incriminate * * *." *McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.*, 115 F.R.D. 528, 530 (D.Mass.1987); *see also S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660 (5th Cir.1981); *United States v. Roundtree*, 420 F.2d 845 (5th Cir.1969). However, at no time during the deposition did either defendant attempt to provide the court with any basis for invoking the privilege. Thus, although we believe that the defendants' blanket invocation of the privilege was improper, we believe that the trial justice must determine whether invocation of the privilege should be allowed in regard to each question and each document.

For the reasons stated, the petition for certiorari is granted in part. The order of the trial justice is quashed. The papers in the case may be remanded to the Superior Court for further proceedings not inconsistent with our opinion.