DECISION
The matter before the Court is the Complaint of the plaintiff, Retirement Board of the Employees Retirement System of the State of Rhode Island, seeking to revoke the pension of the defendant, Edward D. DiPrete. Jurisdiction over this action is conferred upon the Superior Court pursuant to Rhode Island General Laws § 36-10.1-3 [the R.I. Public Employee Pension Revocation and Reduction Act]. The Act allows for the Retirement Board to initiate a civil action in the Superior Court for the revocation (or reduction) of any retirement benefit or pension that a public official or public employee is otherwise entitled to. Where such an action is brought, the Superior Court shall determine:
 (1) whether the public official or public employee has been convicted of any crime related to his public office or public employment;
 (2) whether the retirement benefit or pension to which the public official is otherwise entitled to should be revoked or diminished;
 (3) in what amount or by what proportion such revocation or reduction should be ordered.
In deciding the case, the Act directs the Superior Court to consider and address each of the following factors:
(1) The fact that the allowance of retirement benefits or a pension presumes and requires the service shall have been honorably rendered.
(2) The severity of the crimes related to his public office, which the public official has been convicted of.
(3) The amount of monetary loss suffered by the public official's employer, or by any other person, as a result of the crimes committed.
(4) The degree of public trust reposed in the public official.
(5) Any such other factors as, in the judgment of the court, justice may require.
Pursuant to the Act, a trial without the intervention of a jury was held on April 27, 1999. At the trial, both parties requested the Court to take judicial notice of certain historical and adjudicative facts. Among those facts that the Court took judicial notice of were:
 1. The Indictment of defendant, Edward D. DiPrete, by a Grand Jury in the Superior Court of Rhode Island in State v. Edward D. DiPrete and Dennis L. DiPrete, P1/94-1000AB.
 2. The Request to Enter Plea of Guilty in State v. Edward D. DiPrete, P1/94-1000. [Defendant's Exhibit A]
 3. The Judgment of Conviction and Commitment in State v. Edward D. DiPrete, P194-1000.
 4. The Transcript of the Hearing before Associate Justice Francis J. Darigan on December 11, 1998, in State v. Edward D. DiPrete and Dennis L. DiPrete, P1/94-1000. [Defendant's Exhibit C]
 5. Plaintiff's Complaint in this civil action.
 6. Defendant's Answer to Plaintiff's Complaint in this civil action.
 7. Plaintiff's First Request for Admissions in this civil action.
 8. Defendant's Response to Plaintiff's Request for Admissions in this civil action.
 9. The Merriam Webster's Dictionary definition of the word forfeiture.
 10. Title 7, Chapter 15 of the Rhode Island General Laws.
 11. No property of the defendant, at the time of the entry of the plea, had been identified pursuant to 7-15-3.1.
 12. No property of the defendant has at any time been encumbered or identified in any manner pursuant to 7-15-3.1.
 13. The fact that no identical plea agreements in the Rhode Island Superior Court exist.
 14. The fact that no similar plea agreements in the Rhode Island Superior Court exist.
 15. The Decision of Mr. Justice Cresto in the case of State of RI v. Edward D. DiPrete, Ind. P194-1000. [Defendant's Exhibit B]
 16. Findings of fact made by Mr. Justice Cresto in State of RI v. Edward D. DiPrete, P194-1000. [Defendant's Exhibit B]
In addition to those facts judicially noticed, the State offered two exhibits:
 State's Exhibit 1 — Affidavit of Joann Flaminio, Executive Director of the Retirement System, which identifies the age, service credits and benefits received by Edward D. DiPrete.
 State's Exhibit 2 — Page 11 of Employees Retirement System of Rhode Island Handbook.
No testimonial evidence was presented by either party. The attorneys argued the merits of this case and the Court now is required to find the facts specially and state its conclusions of law.
The facts the Court finds to have been proven by the fair preponderance of the evidence may be summarized as follows:
Edward DiPrete was Governor of the State of Rhode Island from 1985 to 1991 and, as such, is a former "public official" of the State of Rhode Island and a member of the Retirement System who is receiving retirement or other benefits or payments therefrom. DiPrete was indicted by a Grand Jury on or about March 29, 1994, and accused of twenty-three counts of criminal violations of the General Laws of Rhode Island. On December 11, 1998, DiPrete pled guilty to Counts 1-16 and 21 and 22 of said Indictment. Some of said counts related to abuse of his public office. Specifically:
In Count 1, DiPrete pled guilty to charges of Racketeering Influenced and Corrupt Organizations Act (RICO), R.I. Gen. Laws § 7-15-1 2 and Conspiracy, R.I. Gen. Laws § 11-1-6.
 In Count 2 DiPrete pled guilty to a charge of RICO, R.I. Gen. Laws § 7-15-1 2.
 In Counts 3, 5, 7, 9, 11, 13, 15 and 21, DiPrete pled guilty to charges of Solicitation or Acceptance of Bribe by Agent, Employee or Public Official, R.I. Gen. Laws § 11-7-3 5, and
 In Counts 4, 6, 8, 10, 12, 14, 16 and 22, DiPrete pled guilty to charges of Extortion by Public Official, R.I. Gen. Laws § 11-42-1.1.
The defendant presented to Justice Darigan a "Request to Enter Plea of Guilty" form dated December 11, 1998, which form was witnessed by his counsel, Richard M. Egbert. Justice Darigan certified that he found "this plea is made voluntarily, intelligently and with knowledge and understanding of all matters set forth in the attached request and affidavit". Attached to the affidavit of Edward DiPrete is what further purports to be the agreed upon disposition:
 "Counts 17-20, 23 to be dismissed. On each remaining count, 1-16, 21, 22, three years incarceration, one year to serve at minimum security with court-ordered work release at F.A. DiPrete Realty, 686 Reservoir Avenue, Cranston, Rhode Island, the balance of the two years suspended with two years probation to commence upon defendant's release. All sentences and probations to run concurrently with each other. No fines, restitution or forfeitures to be imposed. {emphasis added} Statutory costs on Counts 1-3 only. Execution of the sentence is to be stayed until December 29, 1998, at 9:30 a.m. with bail conditions to remain the same as currently imposed."
On December 11, 1998, Justice Darigan accepted the defendant's pleas of Guilty and imposed upon the defendant the sentence previously agreed on by both the defendant and then Attorney General Pine.
 Dishonorable Public Service
By acknowledging his guilt to the eighteen counts in the Indictment, this Court finds that Edward D. DiPrete failed to render honorable service in his public office. Pursuant to the Act, DiPrete's pleas shall be deemed to be a breach of his contract with his employer, the citizens of the State of Rhode Island. This fact of dishonorable service for the period covered by those counts in the Indictment that DiPrete pleaded guilty to weighs heavily in favor of the relief sought by the Retirement Board.
 Severity of the Crime
The severity of DiPrete's crimes related to his public office is both extraordinary and unprecedented. Indeed, no greater crime could be committed by the highest public official in any state than to have that public official violate the trust reposed in him by the electorate by taking bribes and kickbacks. The severity of his crimes weighs heavily in favor of the revocation of his pension and retirement benefits.
 Amount of Monetary Loss
The third factor is the "amount of monetary loss" suffered by the public official's . . . employer or by any other person as a result of the subject crime related to public office. . . . DiPrete has invoked either the privilege against self-incrimination, the lawyer-client privilege or husband-wife privilege in refusing to answer 31 questions presented to him at the deposition taken April 21, 1999, after this Court denied his motion for a protective order. The Request for Admissions asked him to admit to the specific acts of racketeering, bribery and extortion, and the monetary amounts set forth in the Indictment as to each count to which he pled guilty. Pursuant to Tona, Inc. V. Evans,590 A.2d 873, this Court is entitled to and, in fact, does draw an inference adverse to the defendant that the amount of monetary loss equals or exceeds the approximately Three Hundred Thousand ($300,000.00) Dollars set forth in the Indictment. This monetary loss is, indeed, substantial. Indeed, our justice system and the people of the State of Rhode Island may never know the true and full extent of the monetary loss occasioned by DiPrete's eighteen (18) felonies related to his public office as Governor of the State of Rhode Island. This factor weighs in favor of revocation.
 Breach of Public Trust
The fourth factor is the "degree of public trust reposed in the subject public official . . . by virtue of his . . . public office . . .". Undeniably, the Office of Governor is the highest public office in the State of Rhode Island. DiPrete took an oath to support the Constitution and Laws of our State. He had the utmost duty and responsibility to the people of Rhode Island and to the State itself. Instead, he committed eighteen (18) felonies as Governor, using the very powers entrusted to him to accomplish his scheme for financial gain and power.
This factor weighs heavily in favor of revocation of his pension.
 Defense
In his Answer to the complaint, the defendant pled various defenses: collateral estoppel, equitable estoppel, accord and satisfaction, res judicata, and that the action is barred by the Plea Agreement. Each of the above enumerated defenses are affirmative in nature: not only must they be pled, but proven! Other than the plea agreement, no evidence — documentary nor testimonial — has been presented to this Court, which would allow this Court to find that the defendant has sustained his burden. What the defendant apparently relies on — and what his attorney has vigorously argued — is that the words "no fines, restitution or forfeitures to be imposed" is evidence of an agreement made with the Attorney General of Rhode Island and accepted by the Court not to take any legal action against his pension and retirement benefits. In support of his argument, the defendant cites Superior Court Rule of Practice 1.4:
 R.P. 1-4 Agreements. "All agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity."
However, rather than supporting the defendant's position, the provision of R.P. 1.4 defeats his argument. Simply put, there is nothing in the plea agreement that states unequivocally that DiPrete's pension and retirement benefits would not be revoked, reduced or forfeited by the State.
It is an elementary principle of statutory construction that the Court presume that the Legislature, when enacting laws, knew what they were doing and what they were saying. The Pension Revocation and Reduction Act speaks to having benefits "revoked" or "reduced". It does not speak to "forfeiture" At § 7-15-3.1
in the Racketeer Influenced and Corrupt Organizations Act [RICO], the Legislature did speak to "forfeiture". It did not speak to reduction or revocation. The defendant DiPrete pled to two counts charging him with violating the RICO statute. Under the provision of that statute, the Court, upon application of the Attorney General, was authorized to enter a judgment of forfeiture against the defendant of all property or monies which were obtained directly or indirectly from the commission of those crimes enumerated in Counts 1 and 2 of Indictment P1-94-1000AB.
What is important to note and what is significant in this case is that under the provisions of § 11-41-31 (Pension Revocation), the sentencing judge — Judge Darigan — could not have ordered either the revocation, or reduction of defendant's pension when on December 11, 1998, he accepted the defendant's pleas of guilty and imposed sentence.
§ 11-41-31 was enacted on August 6, 1996, years after the offenses to which defendant pled guilty. By its express terms, the statute applied only to the offenses which occurred after the passage of the Act. Thus, the sentencing judge had neither the responsibility nor authority to consider any request of the State to revoke or reduce DiPrete's pension. He could have, however, granted an application of the Attorney General to forfeit the property or monies that were obtained directly or indirectly from the Commission of RICO-related offenses. He declined to do so based on the agreement between the defendant and the Attorney General — in consideration of the defendant's pleas — that there be "no forfeiture".
A review of the plea agreement, a review of the transcript of the hearing before Mr. Justice Darigan on December 11, 1998, and a review of the laws previously mentioned compel me to conclude the word forfeiture, as stated in the plea agreement, pertained to the RICO statute, not pension and retirement benefits. It was not an agreement by the State or the sentencing justice to preclude the revocation or reduction of pension and retirement benefits in another judicial proceeding authorized by law.
Notwithstanding the failure to sustain his burden on any of the affirmative defenses presented, the defendant urges this Court to exercise its discretion in the "interest of justice" and deny the Retirement Board's petition for revocation. The defendant claims that for 17 1/2 years he performed exemplary service to his employer, the citizens of Cranston, and should not be denied credit for those years of honorable service. However, had the defendant not been given credit for the six years he was Governor, he would have been ineligible to collect any pension in 1991 at age 56. Further, this Court cannot ignore the $372,162.65 he has received to date. The defendant has been enriched unjustly and any claim for benefits for those 17 1/2 years must fail.
Counsel for the defendant has urged the Court to consider the facts found by Mr. Justice Cresto — and left undisturbed by our Supreme Court as evidence the State is similarly guilty of misconduct and should not benefit from its "unclean hands". At least in the area of civil law, two wrongs don't make a right. The misconduct of those who prosecuted DiPrete pale in comparison to his criminal activity.
Justice is due not only the defendant but the citizens of this State as well. Justice cries out for a decision revoking, in its entirety, all pension and retirement benefits of the defendant, Edward D. DiPrete.
The Prayer of the Retirement Board is granted:
1.) This Court declares that the defendant, Edward D. DiPrete, has not satisfied the condition precedent of rendering honorable service in his public employment.
2.) This Court declares that Edward D. DiPrete has no legal or equitable right to receive any pension or other retirement benefits from the Retirement System.
3.) The pension of Edward D. DiPrete is revoked in its entirety effective February 17, 1999.
Pursuant to the Public Employee Pension Revocation and Reduction Act, the Court will conduct a status conference on May 11, 1999, at 9:30 a.m. for the purpose of assigning a date for hearing on the petition of Patricia DiPrete for benefits or payments as justice may require.