DECISION
Before the Court are:
1.) the motion of the defendant, Edward D. DiPrete, filed pursuant to Rule 59 of the Superior Court Rules of Civil Procedure, seeking a new trial;
2.) the motion of a party in interest, Patricia DiPrete, filed pursuant to Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure, seeking a new trial;
3.) the motion of the plaintiff, Retirement Board, filed pursuant to Rule 62 of the Superior Court Rules of Civil Procedure, seeking a stay of the return of Edward D. DiPrete's contribution of $42,066.70, as ordered by this Court in paragraph 9 of its judgment entered September 16, 1999.
 EDWARD D. DiPRETE'S MOTION
The essence of the defendant Edward D. DiPrete's motion is that the Court committed no less than 22 manifest errors of law in the Record and Judgment previously entered. The defendant, in his motion, incorporated by reference the arguments previously raised in the various memoranda he filed with the Court during the course of these proceedings, which memoranda were, in fact, considered by this Court before entering the various decisions and judgments it did.
Addressing the specific manifest errors of law claimed by the defendant, I find:
(1) This Court did not commit a manifest error of law when it denied the defendant's motion to dismiss pursuant to RCP 12 (b)(7). Patricia DiPrete was not an indispensable party to the action initiated by the Retirement Board of the Employees' Retirement System of the State of Rhode Island.
(2) This Court did not commit a manifest error of law when it denied the defendant's 12(B)(6) motion to dismiss as to Count II (Declaratory Judgment).
(3) This Court did not commit manifest error of law when it found that the Retirement Board was not estopped from revoking the defendant's pension and retirement benefits under the doctrine of Collateral Estoppel. Other than the Plea Agreement entered into evidence, which spoke to forfeiture — not revocation, there was no testimony nor document presented which proved that the Attorney General or the Superior Court promised the defendant there would be no revocation of his pension benefits in consideration for his plea of Guilty.
(4) This Court did not commit manifest error of law in ruling that the defendant's plea agreement and his waiver of his claim for attorney fees because of prosecutorial misconduct were not sufficient facts to allow the Court, pursuant to 36-10.1-3
(c)(2)(v), to grant to the defendant all or part of the retirement or other benefits which he sought. As this Court stated in its April 29, 1999 decision, "Justice is due not only the defendant, but the citizens of this State as well".
(5) This Court did not commit a manifest error of law in its application of the "show cause" section of the PEPRRA.
(6) This Court did not commit a manifest error of law in finding that the doctrine of res judicata did not bar the revocation of the defendant's pension. Other than the Plea Agreement, which spoke to "forfeitures", no evidence was presented which proved that the issue of pension and retirement benefits was considered by Justice Darigan when he imposed sentence.
(7) This Court, for the reasons indicated in paragraph (3) and paragraph (6) of this decision, did not commit a manifest error of law, nor did it abuse its discretion in finding that the doctrine of Equitable Estoppel did not prohibit the Retirement Board from revoking the defendant's pension and retirement benefits.
(8) This Court did not commit a manifest error of law in its interpretation and application of 36-8-20 Tax Qualification Act.
(9) This Court did not commit a manifest error of law in denying the defendant's motion for a Protective Order pertaining to the Retirement Board's Request for Admissions.
(10) This Court did not commit a manifest error of law in drawing an inference of substantial monetary loss because of the defendant's refusal to respond to the permissible Request for Admissions regarding the facts surrounding the 18 criminal acts he pled guilty to. Such an adverse interest is permissible under the holding of Tona Inc. v. Evans, 590 A.2d 873.
(11) This Court did not draw an adverse inference based on the defendant's claim of attorney-client privilege and husband-wife privilege. The Court did draw an inference adverse to the defendant because of his failure to respond to the written request for thirty-one (31) admissions about his conduct. None of the questions presented to the defendant pursuant to RCP 36 implicated an attorney-client relationship or a husband-wife relationship. The 31 requests, which are appended to this decision, specifically asked whether the "defendant admitted" in his plea before Justice Darigan certain enumerated facts. The answer called for a simple Yes or No answer. In no event did any of the requests seek any information, directly or indirectly, about which the defendant communicated with his attorney or with his wife.
(12) This Court did not commit a manifest error of law in drawing an inference that the monetary loss equaled or exceeded $300,000.00. The Request for Admissions which the defendant refused to answer, and for which no privilege existed to refuse to answer, identified the various counts in the Indictment to which the defendant pleaded Guilty for "taking bribes". The amount identified by the Retirement Board in its Request for Admissions totalled $303,420. It was not a manifest error of law to draw such inference.
(13) Based on Mr. Reilly's testimony, the Court properly found the defendant would have been ineligible to collect his pension in 1991, absent the six years he served as Governor.
(14) This Court lawfully and properly revoked the defendant's pension for the 17 1/2 years he served as a public official in the City of Cranston.
(15) This Court did not commit manifest error of law in ruling that the defendant did not sustain his burden on the affirmative defenses pleaded.
(16) This Court did not commit a manifest error of law when it refused the request of the defendant to assign blame for the defendant's dilemma to the State: As this Court stated in its decision of April 29, 1999, "The misconduct of those who prosecuted DiPrete pale in comparison to his criminal activity."
(17) There was no evidence presented to this Court that the defendant incurred 1.2 million dollars in legal expense incurred solely on account of prosecutorial misconduct.
(18) The PEPRRA is not a criminal statute and was not applied to the defendant in this civil action so as to violate the ExPost Facto clauses of the Federal or State Constitution.
(19) As this Court stated in its decision of April 29, 1999, the Pension Revocation and Reduction Act is not unconstitutional on its face, nor as it applies to this defendant. The August 6, 1996, amendment simply gave to the sentencing judge the authority to revoke or reduce the benefits of a retired public official or public employee for those offenses that occurred after August 6, 1996. Under the provisions of the original Act (1992), the Retirement Board had to file a separate civil action in the Superior Court to revoke a public employee or public official's pension who, after January 1, 1993, is convicted of or pleads guilty to any crime related to his public office. That is exactly what the Retirement Board did in this action. The Court did not commit a manifest error of law when it applied the 1992 Act to the circumstances of this case.
(20) This Court did not commit a manifest error of law in its interpretation and application of 36-8-20.
(21) This Court did not commit a manifest error of law in its interpretation of the Agreement as to Final Determination of Tax Liability.
(22) The Judgment entered on September 16, 1999, which incorporated prior decisions of this Court of April 29, 1999, June 2, 1999, and September 16, 1999, followed the applicable law and was based upon the clear weight of the evidence presented at trial and all reasonable inferences that could be drawn from the evidence presented, or lack of evidence presented, at trial.
 PATRICIA DiPRETE'S MOTION
The essence of Patricia DiPrete's motion is that a new trial should be granted to her based 3 errors of law in the judgment that are manifest on the face of the record. Addressing the specific manifest errors of law, as claimed by Patricia DiPrete, I find:
1.) This Court did not commit a manifest error of law in its interpretation of Belanger v. Cross, 488 A2 410 (R.I. 1985). The questions put to Edward DiPrete (see pg. 3 of June 2, 1999 decision) when called as a witness at trial by the Retirement Board in defense of the petition of Patricia DiPrete for all or part of her husband's pension and retirement benefits were presented in such language as not to implicate any privilege against self-incrimination. The mere assertion by one of the privileges is not dispositive of its existence. Further, even if no inference had been drawn adverse to the interest of Patricia DiPrete because of the failure of her husband to answer the questions propounded, she still had the burden of proving by the fair preponderance of the evidence presented that she lacked sufficient resources to care for herself and was in financial need of the requested pension. This she failed to do.
2.) This Court did not commit manifest error of law when it found that she was not otherwise entitled to her husband's pension. First, there was sufficient evidence presented which allowed the Court to find that Edward Diprete did not perform the requisite number of years of honorable service to qualify for a pension. Secondly, because of his dishonorable service, this Court was not only justified — but compelled — to revoke whatever pension he was entitled to in its entirety. Since he was not eligible to receive a pension, as his spouse — innocent though she may be — she cannot collect something that he is not entitled to.
3.) Further, even if she were entitled to claim all or part of the pension, she has failed to sustain her burden of proving financial need, especially when one considers the evidence presented as to the value of the real estate owned jointly and the interest of her husband in Frank DiPrete Realty Co., Inc.
 MOTION TO STAY
The Retirement Board has filed a motion to stay the judgment ordering the return of Edward DiPrete's contribution of $42,066.70 and the defendant, Edward DiPrete, agrees that his contribution may be held by the Retirement Board pending appeal. The issue to be decided is whether the Retirement Board must pay interest from the date of this Court's entry of judgment in favor of Edward DiPrete for the return of his contribution of $42,066.70 until its actual return if, on appeal, the Supreme Court affirms the judgment of the Superior Court. To the extent this Court is now required or permitted to decide the issue, I would find that the defendant, Edward DiPrete, would be entitled to the post-judgment interest, as set forth in 9-21-10 of the General Laws of the State of Rhode Island.
Counsel shall prepare and submit a judgment consistent with the decision.
 DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS
Now comes the Defendant, EDWARD D. DiPRETE, in the above-entitled cause and responds to Plaintiff's Request for Admissions as follows:
As to Requests 1-5, Defendant admits.
As to Request 6-36, on advice of counsel, Defendant hereby invokes his privilege against self-incrimination as secured to him by the 5th Amendment to the U.S. Constitution in Article I § 13 of the Rhode Island Constitution.
EDWARD D. DiPRETE, By his attorney,
________________________ ROBERT D. GOLDBERG, #1733 GOLDBERG LAW OFFICES 226 Cottage Street Pawtucket, RI 02860 401-728-1510
 CERTIFICATION
I hereby certify that on April 6, 1999, I mailed a true copy of the within to: Thomas A. Palombo, Esquire, Special Assistant Attorney General, 150 South Main Street, Providence, RI 02903, David Barricelli, Esquire, Hinckley, Allen Snyder, 1500 Fleet Center, Providence, RI 02903 and to John D. Lynch, Esquire, Lynch Friel, 600 Tollgate Road, Warwick RI 02886.
Pursuant to statute, a trial without the intervention of a jury was held May 24 and May 25, 1999. Patricia DiPrete testified and also submitted as evidence, without objection:
(1) Appraisal of Property, 555 Wilbur Avenue, Cranston, R.I. (Exhibit 1)
(2) Deposition of Frank W. Sullivan, M.D. (Exhibit 2)
(3) Deposition of John. S. Renza, Jr., CPA (Exhibit 3)
(4) Vocational Assessment Employability Evaluation — Paul F. Murgo (Exhibit 4)
(5) Proof of Life Expectancy (Exhibit 5).
The Retirement Board presented as a witness William J. Piccirilli who the Court qualified as an expert witness in the field of business evaluation and James Reilly from the Retirement Board. Also received as evidence were the tax returns of Frank A. DiPrete Realty Co., Inc. for the years 1994-1998, as well as the tax returns of Edward D. and Patricia M. DiPrete for the years 1990-1997.
In addition, the Retirement Board called as its witness Edward D. DiPrete who testified upon advice of counsel that he would exercise his right under the 5th and 4th Amendments to the United States Constitution and refuse to answer questions put to him by counsel. Among the questions asked by counsel were:
Did he own any real estate?
Are any of his children holding any money for him?
What was his interest in Frank A. DiPrete Realty Co., Inc.?
Did he have an interest in any other business?
Did he have an interest in Arlington Insurance?
Did he have an interest in Ocean State Markets?
Was he collecting Social Security benefits?